**UNITED STATES of America**

v.

**Mohamed S. SHAKER.**

**Crim. No. HCR 87–65–02.**

United States District Court,
N.D. Indiana,
Hammond Division.

July 16, 1987.

Gwenn R. Rinkenberger, Asst. U.S. Atty., Hammond, Ind., for plaintiff.

Nick J. Thiros, Merrillville, Ind., for defendant.

## ORDER

MOODY, District Judge.

This matter is before the court on defendant Mohamed S. Shaker's "Motion to

Reconsider Order of Detention and to Reopen for Further Evidence" filed June 15, 1987. The United States ("Government") filed a response in opposition on June 18, 1987. Defendant Shaker filed a supplemental motion on July 7, 1987.[1]

## I.

On May 22, 1987, defendant Shaker, along with two co-defendants, was named in a three-count conspiracy indictment for allegedly committing arson and mail fraud. The Government filed a motion for pretrial detention, pursuant to the Bail Reform Act of 1984, 18 U.S.C. §§ 3141–3156 (1985 & Supp.1987), on May 26 and a hearing on the Government's motion was held before Magistrate Rodovich on May 29, 1987.

At the hearing, where Shaker and his co-defendants were all represented by counsel, the Government presented the testimony of a Federal Bureau of Investigation ("F.B.I.") agent who testified that Shaker and his co-defendants conspired to destroy his own house in order to recover insurance benefits. During the fire, according to the agent, one of the perpetrators was badly burned and ultimately died as a result of his burns. The agent further stated that an individual living in Shaker's neighborhood, who witnessed the burning of the house, was threatened by Shaker to keep quiet. The agent reported that Shaker told a confidential informant that if the Government investigated the burning of his house he would go to Israel to visit his family and never return. Finally, the agent testified that Shaker had withdrawn a substantial amount of money from a bank account shortly after the burning of the house.

Based on this evidence, the Magistrate concluded that no condition or combination of conditions would reasonably assure Shaker's appearance at trial and guarantee the safety of potential witnesses and others, thus, he ordered Shaker detained pending trial. Shaker filed his present motion petitioning this court to review the Magistrate's order and to hold a hearing to hear additional evidence. Specifically, Shaker maintains that at a second hearing he would offer the testimony of the individual neighbor who, according to the Government, Shaker had threatened. Shaker argues that this neighbor's testimony would refute the Government's allegation that Shaker poses a threat to potential witnesses or others. In addition, Shaker represents in his motion, that at a second hearing, he would show that other people he allegedly threatened actually have "more criminal experience" than he, thus, demonstrating that these other people cannot be said to be in fear of Shaker. Finally, Shaker argues that he would controvert the Magistrate's finding that he was likely to flee.

In response, the Government asserts that defendant Shaker is not entitled to a second hearing on pretrial detention. According to the Government, Shaker's present motion must be considered as a "Motion for Revocation or Amendment of the Order to Detain" pursuant to 18 U.S.C. § 3145(b). And, the Government continues, in considering a § 3145(b) motion, the court is limited in its review to the transcript of the prior detention hearing and the Magistrate's written order; that is, this court cannot hear, and the defendant is not permitted to present, additional evidence.

## II.

Initially, the court agrees that Shaker's instant motion should be construed as a § 3145(b) motion;[2] that provi-

---

**1.** The court recognizes its statutory duty to rule on defendant's motions promptly, 18 U.S.C. § 3145(b); however, in this case, defendant's counsel notified the court that he wished to make a supplemental filing and asked the court to withhold its ruling until then.

**2.** Because of a recent amendment to the Bail Reform Act, it is possible for Shaker to ask the Magistrate to reopen the initial hearing in order

to present new evidence. 18 U.S.C. § 3142(f) as amended by section 55 of Pub.L. 99–646 effective 30 days after Nov. 10, 1986. The amendment to subsection (f) states:

> The hearing may be reopened before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the

sion, which is entitled "Review of a detention order," states:

> If a person is ordered detained by a magistrate, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court, the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order. The motion shall be determined promptly.

18 U.S.C. § 3145(b). Thus, insofar as defendant's motion seeks reconsideration of the Magistrate's order, the court construes his motion as one brought pursuant to § 3145(b).

Shaker's motion, however, goes further, he requests an oral hearing to present new evidence. Before addressing the issues of a hearing and the presentation of additional evidence, the court will first determine whether the Magistrate's detention order was proper. If it is found that the Magistrate improperly ordered Shaker detained then there will be no need for an oral hearing to consider additional evidence.

### III.

■ Section 3145(b) provides for district court review, upon motion by the Government or the defendant, of a Magistrate's release or detention order. In reviewing a Magistrate's determination, a district court should conduct a *de novo* review, *United States v. Delker,* 757 F.2d 1390, 1394–95 (3d Cir.1985), *United States v. Fortna,* 769 F.2d 243, 249 (5th Cir.1985), *United States v. Maull,* 773 F.2d 1479, 1482 (8th Cir.1985) (en banc), *United States v. Hurtado,* 779 F.2d 1467, 1480 (11th Cir.1985), *United States v. Medina,* 775 F.2d 1398, 1402 (11th Cir.1985), and need not defer to the Magistrate's findings or give specific reasons for rejecting them. *United States v. Leon,* 766 F.2d 77, 80 (2d Cir.1985); *Delker,* 757 F.2d at 1394–95; *Medina,* 775 F.2d at 1402.

At the detention hearing, the Magistrate relied on the statutorily-created rebuttable presumptions that no condition or combination of conditions would be sufficient to protect the community and guarantee Shaker's presence at trial. 18 U.S.C. § 3142(e). The court must first determine if the Magistrate's use of the presumptions was proper and, if so, whether he correctly applied the presumptions in his analysis.

■ Section 3142(e) provides for two rebuttable presumptions in favor of detention. The first of these two presumptions (the previous-violator presumption) is designed to ensure the safety of the community and others by presuming that no conditions of release will reasonably assure the safety of the community where the defendant is accused of one of numerous specified crimes, such as a crime of violence, *and* has previously (within the last five years) been convicted of or released from imprisonment for committing one of the specified crimes while free on bail. The second presumption (the drug-and-firearm-offender presumption) is designed to ensure both the safety of the community and the appearance of the defendant at trial by presuming no conditions of release will reasonably assure the defendant's appearance and the safety of the community where a judicial officer finds probable cause to believe that the defendant has committed a federal drug offense carrying a maximum prison term of ten years or more or has used a firearm to commit a felony. 18 U.S.C. § 3142(e). Thus, in order to properly trigger a presumption that a defendant poses a danger to the community, the defendant must either be a previous violator of one of the specified crimes or be accused of a drug or firearm related offense. The only time the presumption that a defendant is likely to flee is properly triggered is when the defendant is accused of a drug or firearm related offense.

issue whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community.
In this case, because both of Shaker's motions are addressed to this court and specifically ask

the court to review and reconsider the Magistrate's order, his motions are properly considered under § 3145(b). The court's decision today should in no way prejudice Shaker in seeking relief under the terms of the newly amended § 3142(f).

702

■ After reviewing the tape recorded transcript of the hearing, the court finds that the evidence presented to the Magistrate demonstrated that Shaker had been charged with an offense for which the maximum sentence is life imprisonment,[3] 18 U.S.C. § 3142(f)(1)(B), and a crime of violence,[4] 18 U.S.C. §§ 3142(f)(1)(A) and 3156(a)(4)(A) & (B). The transcript of the hearing reveals that the Magistrate in fact made these two findings. Nevertheless, the Magistrate's written order, filed June 2, 1987, does not reflect these findings; instead, his order states that:

> There is probable cause to believe that the defendant has committed an offense [x] for which a maximum term of imprisonment of ten years or more is prescribed in 18 U.S.C. § 844(i).

Based on this finding, the Magistrate held that the Government was entitled to the rebuttable presumptions that no condition or combination of conditions would reasonably assure Shaker's appearance at trial and the safety of the community.

■ The Magistrate's written order clearly does not comport with his oral findings at the hearing. In addition, his invocation and application of the presumptions

of § 3142(e) were clearly inconsistent with the requirements of the statute. The indictment in this case shows that Shaker is charged with conspiracy, arson resulting in the death of another, and mail fraud. At the hearing it was revealed that Shaker had no previous criminal record. Therefore, because Shaker is neither a previous violator of one of the specified crimes nor presently accused of a drug or firearm related offense, the Government was not entitled to the presumptions of § 3142(e).

Despite the Magistrate's misapplication of the presumptions, it is possible that Shaker was properly detained based on the evidence presented at the hearing. The court now looks to all the evidence presented to determine if Shaker was properly detained.

IV.

Section 3142(g) sets forth for the court the factors to be considered in determining whether to release or detain the defendant. Those factors are: (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug; (2) the weight of the evidence against the person;

**3.** Count II of the indictment charges Shaker with a violation of 18 U.S.C. § 844(i) which provides in part:

> Whoever maliciously damages or destroys, or attempts to damage or destroy, by means of fire or an explosive, any building, vehicle, or other real or personal property used in interstate or foreign commerce or in any activity affecting interstate or foreign commerce ... and if death results to any person, including any public safety officer performing duties as a direct or proximate result of conduct prohibited by this subsection, shall also be subject to imprisonment for any term of years, *or to the death penalty or to life imprisonment* as provided in Section 34 of this title.

18 U.S.C. § 844(i) (emphasis added).

**4.** A crime of violence is defined in the Bail Reform Act of 1984 as:

> (A) an offense that has as an element of the offense the use, attempted use, or threatened use of physical force against the person or property of another, or
> (B) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 3156(a)(4).

In order to prove that the defendant violated section 844(i), the government must prove beyond a reasonable doubt the following essential elements: First, that the defendant set fire to or used an explosive to damage or destroy, or in an attempt to damage or destroy property; second, that the property was used in or affecting interstate or foreign commerce; third, that the defendant acted maliciously; and fourth, that the destruction or attempt to destroy the property resulted in death to any other person. *See United States v. Zabic,* 745 F.2d 464 (7th Cir.1984); *United States v. Agrillo-Ladlad,* 675 F.2d 905 (7th Cir.1982); 1 Sand. Siffert, Longhlin & Pees, *Modern Federal Criminal Instructions* ¶ 30.01 (1984).

The court finds that the present indictment, which alleges that Shaker's violation of section 844(i) resulted in the death of another person, falls within either of the two alternative definitions of a crime of violence. First, the acts alleged clearly demonstrate a threatened use of force against the person of another, § 3156(a)(4)(A), and second, those same alleged acts also involve a substantial risk that physical force against the person of another will be used, § 3156(a)(4)(B).

(3) the history and characteristics of the person; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. 18 U.S.C. § 3142(g).[5]

### A. Danger to the Community

In order to detain Shaker on the grounds of dangerousness, the Government must prove by clear and convincing evidence that no condition or set of conditions will ensure the safety of the community. 18 U.S.C. § 3142(f); *United States v. Salerno,* — U.S. —, 107 S.Ct. 2095, 2103, 95 L.Ed.2d 697 (1987); *United States v. Portes,* 786 F.2d 758, 764 (7th Cir.1985) (citing *United States v. Chimurenga,* 760 F.2d 400, 405 (2d Cir.1985)). After weighing all the evidence presented at the hearing, the court finds that the Government met its burden.

First, as mentioned earlier, Shaker is accused of a crime of violence[6] and, although there is no statutory presumption of danger, the nature and circumstances of the offense charged is a proper factor to consider, especially when the offense is a violent one. 18 U.S.C. § 3142(g)(1). Second, an F.B.I. Agent testified that a neighbor of Shaker's witnessed men (one resembling Shaker) going into the house from a van (resembling one owned by Shaker) on the day of the alleged arson. Third, the agent testified that this neighbor was threatened by Shaker to keep quiet. The agent also testified that Shaker posed a threat to other potential witnesses. Against this evidence, Shaker testified that he threatened no one and that he had no past criminal record. Although the lack of a criminal record was undisputed, the Magistrate stated that he gave more credence to the agent's testimony concerning threats made by Shaker.

In sum, the court has before it a defendant, with no past criminal record, accused of the violent crime of arson; during the commission of this arson a fellow perpetrator was injured and ultimately died; a neighbor of the defendant witnessed him and others going in and out of the house shortly before the fire; and after the fire defendant threatened the neighbor to be quiet or else the same thing might happen to his house.

Based on this evidence, the court finds that the Government clearly and convincingly demonstrated that no conditions of release will reasonably assure the safety of the community and others.[7]

### B. Risk of Flight

In arguing that a defendant should be detained prior to trial because he will likely flee, the Government must show by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the defendant's appearance at the required times. *Portes,* 786 F.2d at 765; *see also United States v. Vortis,* 785

---

**5.** Section 3142(g) provides in pertinent part:

Factors to be considered.—The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning—

(1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence of involves a narcotic drug;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including—

(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

(B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

**6.** *See* note 4, *supra.*

**7.** A finding by clear and convincing evidence that no conditions of pretrial release will ensure the safety of the community is sufficient to detain a defendant pending trial. *Portes,* 786 F.2d at 765; *United States v. Daniels,* 772 F.2d 382, 383 (7th Cir.1985). Nevertheless, the court will go on to review the Magistrate's finding that Shaker was also a flight risk.

F.2d 327, 328–29 (D.C.Cir.), *cert. denied,* —— U.S. ——, 107 S.Ct. 148, 93 L.Ed.2d 89 (1986); *United States v. Chimurenga,* 760 F.2d 400, 405 (2d Cir.1985); *United States v. Fortna,* 769 F.2d 243, 250 (5th Cir.1985); *United States v. Orta,* 760 F.2d 887, 891 n. 20 (8th Cir.1985); *United States v. Motamedi,* 767 F.2d 1403, 1407 (9th Cir.1985).

■ At the hearing, the Government argued that Shaker posed a serious flight risk because of the nature of his charged crime. According to 18 U.S.C. § 844(i), a defendant charged with arson resulting in the death of another faces imprisonment for any term of years or even the death penalty. It was revealed at the hearing that Shaker's wife and several children reside in Israel and that he visits them at least once a year. The Government also presented evidence that Shaker told a confidential informant that he was likely to flee the jurisdiction. It was further alleged that Shaker had made a withdrawal of several thousand dollars from a bank account shortly after telling the confidential informant that he was going to flee. Shaker did offer his own testimony to rebut the Government's evidence that he was likely to flee. He testified he had a job, the same one for over 7 years, and that he has lived in this country since 1962. Shaker also stated that he would appear at all hearings as required.

A defendant facing a possible life sentence or even the death penalty has a strong incentive to avoid prosecution. Evidence of Shaker's ties to Israel and his statements that he would flee increases the likelihood of flight. Shaker's testimony on his ties to the local community was not sufficient to overcome the Government's evidence that he posed a serious flight risk. The Government established by a preponderance of the evidence that no conditions would reasonably assure Shaker's presence at trial.

Therefore, after reviewing the transcript of the entire detention hearing, the court finds that Shaker was properly detained on two separate grounds: that he was likely to flee and that he represented a danger to the community.

## V.

■ Having found Shaker was properly detained, the court must now determine whether Shaker is entitled to an oral hearing and to offer additional evidence. The Government maintains that Shaker is not entitled to present additional evidence; instead, according to the Government, in reviewing the Magistrate's order under § 3145(b), this court is limited to the transcript of the hearing and the Magistrate's written order.

Section 3145(b) does not describe the scope of the hearing that should be conducted on review and neither the Government nor Shaker has offered any legal authority on the issue. After reviewing the existing case law, the court finds that in exercising its authority under § 3145(b), the decision whether to hold an oral hearing and receive additional evidence rests in the court's discretion. *United States v. Dominguez,* 783 F.2d 702, 708 n. 8 (7th Cir.1986) (the court leaving to the "district judge's sound discretion the question of whether, and if so how, additional evidence should be taken on remand" of a 3145(b) hearing); *see also United States v. Delker,* 757 F.2d 1390, 1393–94 (3d Cir.1985) (district court may conduct new evidentiary hearing even where there is no new evidence); *United States v. Fortna,* 769 F.2d 243, 250 (5th Cir.1985) (district court should consider record plus additional evidence); 773 F.2d 1479, 1484 (8th Cir.1985); *United States v. Daniels,* 622 F.Supp. 178, 182 (D.C.Ill.1985); *United States v. Freitas,* 602 F.Supp. 1283, 1293–94 (N.D.Cal.1985).[8]

**8.** The court notes that a strong argument could be made that in order to be entitled to an oral hearing and to present new evidence under § 3145(b), a defendant should meet the same standard required under the newly amended § 3142(f). That section holds that a defendant should be allowed to reopen the original detention hearing (before the original judicial officer) upon presentation of evidence that was not known to the defendant at the time of the original hearing and that has a material bearing on the issue of conditional release. 18 U.S.C. § 3142(f) (1987). Neither party to this case, however, has argued this point and the court, in

In his motion, Shaker represents that at an oral hearing he would rebut the Government's evidence of dangerousness by: (1) presenting the testimony of the neighbor who Shaker allegedly threatened; and (2) showing that others allegedly in fear of retaliation by Shaker actually have more criminal experience, and thus, cannot be said reasonably to be in fear of defendant. As far as the Magistrate's finding that Shaker is likely to flee, defendant states in his motion that at a hearing he would "present oral testimony in controversion of the Magistrate's findings" on this point. Additionally, in his supplemental motion, Shaker states that he has made two trips to Israel after he was interviewed by federal investigators about the fire and he has returned both times. This, according to Shaker, demonstrates that he is not likely to flee.

In exercise of its discretion and recognizing Shaker's strong interest in liberty, *Salerno,* 107 S.Ct. at 2103, the court, without commenting on the strength or weakness of Shaker's additional evidence, concludes that an oral hearing on defendant's § 3145(b) motion would significantly aid in the presentation of legal arguments and additional evidence.

## CONCLUSION

Based on the foregoing, the court ORDERS that an oral hearing shall be HELD in this matter on Wednesday, July 22, 1987 at 9:00 a.m. The court further ORDERS that its previous order dated July 9, 1987 is hereby VACATED and STRICKEN from the record in this case; today's order SHALL relate back to and be effective as of July 9, 1987.

light of the cases cited in the above text granting this district court broad discretion, is reluctant to so find.