UNITED STATES of America, Plaintiff,

v.

**Richard MARZULLO, and Donald Lee Sollars, Defendants.**

Nos. 91–00097–01–CR–W–3, 91–00097–02–CR–W–3.

United States District Court, W.D. Missouri, W.D.

Dec. 10, 1991.

James A. Nadolski, St. Joseph, Mo., for Richard Marzullo.

Michael D. Gibbons, Kansas City, Mo., for Donald Lee Sollars.

Thomas H. Newton, U.S. Attorney's Office, Kansas City, Mo., for the U.S.

## MEMORANDUM OPINION AND ORDER

ELMO B. HUNTER, Senior District Judge.

Defendants in the above-styled matter have, by separate filings,[1] challenged a prior finding by the Magistrate that defendants are ineligible to be released on bond pending sentencing. Both Defendants raise precisely the same question: Whether "arson" is a "crime of violence" under 18 U.S.C. §§ 3142, 3143 and 3156. This matter is a question of first impression in this Circuit.[2] This Court

CONCLUDES that the crime of "arson," as set forth in 18 U.S.C. § 844, amounts to a "crime of violence" for the purposes of 18 U.S.C. §§ 3142, 3143 and 3156.

## BACKGROUND

On November 1, 1991, a jury found defendants Marzullo and Sollars guilty, *inter alia*, of one count of unlawfully destroying by fire a building used in an activity affecting interstate commerce in violation of 18 U.S.C. § 844(i). At the close of the trial, this Court directed the parties to appear before the United States Magistrate for consideration of pre-sentencing release on bond.

The applicable statute, and the one applied by the Magistrate, is 18 U.S.C. § 3143, which addresses conditions for release or detention of a defendant pending sentencing or appeal. The statute reads in pertinent part that:

(2) The judicial officer *shall* order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence *be detained* unless—

(A)(i) the judicial officer finds that there is a substantial likelihood that a motion for acquittal or new trial will be granted; or

(ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and

(B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or community.

18 U.S.C. § 3143(a)(2) (emphasis added). Since the additional conditions specified in sub-sections (2)(A) and (2)(B) do not apply in the present case, the Magistrate was bound to detain defendants if they had been found guilty of an offense described in sub-sections (A), (B) or (C) of 18 U.S.C. § 3142(f)(1). The offenses listed in those sub-sections include:

(A) a *crime of violence;*

(B) an offense for which the maximum sentence is life imprisonment or death; [or]

(C) an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act, ... the Controlled Import and Export Act, ... or the Maritime Drug Law Enforcement Act.

18 U.S.C. § 3142(f)(1) (emphasis added). The Magistrate found that "both defendants must be detained since they were found guilty of a crime of violence, namely arson." Mag's. Ord. (Doc. # 116), Nov. 13, 1991 at 2. The Magistrate buttressed this finding with the fact that the Sentencing Guidelines define arson as a crime of violence. *Id.*

Both defendants challenge the Magistrate's findings on the ground that, under 18 U.S.C. § 3143, arson, of the type for which they were charged, does not amount to a "crime of violence." As such, defendants urge that the Magistrate's Order be reversed and pre-sentencing bond set.

---

**1.** Defendant Marzullo filed a Motion for Review, arguing that the Magistrate's finding was inconsistent with the legislative intent of the statute applied, Def.Mot.Rev. (Doc. # 115), Nov. 13, 1991 at 2; Defendant Sollars filed Objections to Magistrate's Detention Order, arguing that "arson" is not a "crime of violence" under 18 U.S.C. § 3156, Def.Obj.Mag.Det.Ord. (Doc. # 118), Nov. 23, 1991 at 1–2.

**2.** Counsel for both Defendants, and for the government, stated, on the record at the December 6th hearing, that they were unable to find a single reported case on point. Tr.Hrg. at ——.

This Court disagrees. Accordingly, Defendant Sollars' Objections to the Magistrate's Detention Order and Defendant Marzullo's Motion for Review are hereby DENIED as lacking merit.

## ANALYSIS

### A. Standard of Review

 Section 3145 provides that when detention is ordered "by a magistrate, or by a person other than a judge of a court having original jurisdiction over the offense ...", the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order." 18 U.S.C. § 3145(b). This court reads the combined language indicating that a motion for *"revocation* or *amendment"* may be filed "with the court having *original* jurisdiction" to mean the district court should make a *de novo* review of the issue presented to the Magistrate. *United States v. Koenig*, 912 F.2d 1190 (9th Cir. 1990); *see generally United States v. Maull*, 773 F.2d 1479 (8th Cir.1985) (en banc). That is, this Court should thoroughly review the record before the Magistrate and make its own non-deferential determination as to whether the Magistrate's findings are correct.[3] Accordingly, this Court will independently examine the issues raised by Defendants in their motions.

### B. The Magistrate's Order

 Defendant Marzullo argues that the Magistrate's determination that arson amounted to a crime of violence under 18 U.S.C. § 3142(f)(1) is error because the "legislative intent of [the statute] was to prevent the release of any individuals who have been convicted of a crime of a violent nature against *individuals*." Def. Marzullo's Mot.Rev. (Doc. # 115) at 3. Defendant Sollars further argues that the Magistrate "misapplied the law ... by relying on the sentencing guidelines' definition of 'crime

of violence' rather than the definition ... specifically set out in the statute." Def. Sollars' Objs. Det. Ord. (Doc. # 118) at 1–2. Sollars' reference is to the definition set forth at 18 U.S.C. § 3156, which states in pertinent part:

> (a) As used in sections 3141–3150 of this chapter—
>
> . . . . .
>
> (4) the term "crime of violence" means—
>
> (A) an offense that has as an element of the offense the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) any other offense that is a felon and that, *by its nature*, involves a *substantial risk* that physical force against the person *or property* of another may be used in the course of committing the offense.

18 U.S.C. § 3156(a). Sollars' argument, by implication, is that the definition of "crime of violence" established by the sentencing guidelines (which the Magistrate relied on) is inconsistent with the statutory definition of "crime of violence" as found at 18 U.S.C. § 3156(a). We shall take these arguments up in order.

Defendant Marzullo, without the benefit of authority,[4] asserts that the legislative intent of 18 U.S.C. § 3143(a)(2) indicates that the statute was aimed at individuals convicted of a crime of a violent nature against *individuals*. This argument must fail when one examines the statutory language itself. 18 U.S.C. § 3156 defines a "crime of violence" to include a felony involving a substantial risk that physical force will be used against the person *or property* of another. 18 U.S.C. § 3156 (emphasis added). The statute's own reference to "property of another" necessarily extends its sweep beyond just crimes of "a

---

3. In the present case, the Court not only scoured the record before the Magistrate, it held its own hearing on December 6, 1991, at which both defendants, and the government, were allowed to present, on the record, arguments and authority in support of their respective positions.

4. The Court does not intend its reference to the lack of authority as a criticism. As noted above, at the December 6th hearing, counsel for both defendants, as well as the government's attorney Mr. Newton, indicated that they were unable to find a single reported case on point.

violent nature against *individuals*" as urged by Defendant Marzullo.

Defendant Sollars argues that the Magistrate erred in relying upon the definition of "crime of violence" contained in the sentencing guidelines, because § 3156 specifically sets forth the definition for "crime of violence" to be used in applying §§ 3142 and 3143 to determine if a particular defendant should be released on bond pending sentencing.

Implicitly, this argument requires the Court to find that the two definitions—the guidelines' definition and the definition in § 3156—are inconsistent. Quite to the contrary, careful examination indicates that the guidelines' definition of "crime of violence" and § 3156's definition of "crime of violence" are joined at the root. In earlier incantations, the sentencing guidelines stated: " 'crime of violence' as used in this provision is defined under 18 U.S.C. § 16." U.S.S.G. § 4B1.2(1) (1988). The Court notes that the definition of "crime of violence" set forth at 18 U.S.C. § 16 states, *inter alia,* that a "crime of violence" is "a felony ... that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course" of its commission and is in all pertinent parts identical to the definition set forth for "crime of violence" in 18 U.S.C. § 3156.[5] The "Application Notes" under the Commentary goes on to interpret "Crime of Violence" as defined by 18 U.S.C. § 16 to include: "murder, manslaughter, kidnapping, aggravated assault, extortionate extension of credit, forcible sex offenses, *arson,* or robbery." U.S.S.G. § 4B1.2 Commentary (1988) (emphasis added). To this point, it would appear that the Magistrate's reliance upon the guideline definition is appropriate. Certainly, it is reasonable to conclude that Congress, in choosing to use the same language in enacting 18 U.S.C. § 16 and 18 U.S.C. § 3156 and choosing to enact them as part of the same bill on the same day, intended that both sections would mean the same thing. Accordingly, if arson is viewed as a "crime

of violence" under § 16, it would seem appropriate to conclude that it is a "crime of violence" under § 3156.

Subsequent amendments to the guidelines do nothing to undo the above reasoning. Effective November 1, 1989, § 4B1.2(1), and its Commentary, were amended for the purpose of further clarification. U.S.S.G.App.C. at 110–11 (Nov. 1991) (emphasis added). The amendments deleted the reference to 18 U.S.C. § 16 and replaced it with the following:

(1) The term "crime of violence" means any offense under federal or state law punishable by imprisonment for a term exceeding one year that—

(i) has an element, the use, attempted use, or threatened use of physical force against the person of another, or

(ii) is burglary of a dwelling, *arson,* or extortion, involves use of explosives or otherwise involves conduct that presents a *serious potential risk of physical injury to another.*

U.S.S.G. § 4B1.2(1) and App.C. at 110–11 (Nov. 1991) (emphasis added). The Commentary indicates that this definition of "crime of violence" derives from 18 U.S.C. § 924(e)'s definition of a "violent felony." Upon comparison, it is self-evident that § 924(e)'s definition of "violent felony" sets a more rigid standard than does § 16's definition of "crime of violence". That is, the definition in § 924(e) contemplates more serious conduct on the part of defendants than does its predecessor § 16. *A priori,* any finding by the Magistrate that defendants' convictions were for "crimes of violence" as currently defined by the guidelines necessarily includes conduct that would be included by the lesser standard set out under 18 U.S.C. § 16 (or the lesser standard set by the identical language in 18 U.S.C. § 3156). Accordingly, this Court finds ample support for the Magistrate's findings. Our analysis, however, does not end here.

**5.** 18 U.S.C. § 16 and 18 U.S.C. § 3156 were both enacted by Congress, on the same day, as part of the same general bill, Public Law 98–473. Con-

gress also used language that is identical in all relevant parts for both sections. *See* discussion *infra.*

## C. "Crime of Violence" under 18 U.S.C. § 3156

As noted above, Defendants argue that the Court should look to the definition at 18 U.S.C. § 3156 to determine if defendants committed a "crime of violence" as specified in 18 U.S.C. § 3142(f)(1)(A). As such, Defendants have squarely raised the issue of whether arson is a felony that, "by its nature, involves a substantial risk that physical force against the person or property of another would be used in the course" of its commission, as provided for in § 3156. 18 U.S.C. § 3156(a)(4)(B).

### 1. Statutory Language

Resolving this issue is a matter of statutory construction. The appropriate place to begin our inquiry is with the language of the statute. Under the statute, a judicial officer is obligated to order a person convicted of a "crime of violence," who is awaiting imposition of sentence, to be detained.[6] Section 3156(a)(4) defines "crime of violence" as:

(A) an offense that has as an element of the offense the use, attempted use, or

threatened use of physical force against the person or property of another, or

(B) any other offense that is a felony and that, *by its nature*, involves a *substantial risk* that physical force against the *person or property of another may be used* in the course of committing the offense.

18 U.S.C. § 3156(a)(4) (emphasis added).[7] Defendants were convicted of arson, in violation of 18 U.S.C. § 844(i) which finds a person guilty of the crime of arson if that person: "maliciously damages or destroys, or attempts to damage or destroy, by means of fire or an explosive, any building, vehicle, or other real or personal property ... affecting interstate or foreign commerce." 18 U.S.C. § 844(i).

We read sub-section (B) to require the Court to first determine if the offense in question is a felony; and if it is, to determine whether the nature of the crime—as elucidated by the generic elements of the offense—is such that its commission would ordinarily present a risk that physical force would be used against the person or property of another.[8] Concededly, this offense

---

**6.** As noted above, this presumption in favor of detention may be overcome if the specified additional findings are made. *See* 18 U.S.C. §§ 3143(a)(2)(A) & (B). Defendants concede these findings are inapplicable to the present case.

**7.** The Court finds that arson is a "crime of violence" under either sub-section (A) or sub-section (B). However, since Defendant Sollars focuses the issue under sub-section (B) our analysis will primarily do the same.

**8.** Defendants argue that the Court should look at the specific manner in which they carried out the crime of "arson" to determine if it amounts to a "crime of violence." The Court also acknowledges that a recent panel of the Eighth Circuit stated the view that courts "should look beyond the mere statutory elements of a crime when determining whether an offense is a crime of violence." *United States v. Cornelius*, 931 F.2d 490, 493 (8th Cir.1991). The Court, however, finds this case inapposite. First, a careful reading of *Cornelius* indicates that the case involves interpretation of the Sentencing Guidelines' definition of "crime of violence" for the purposes of the enhancement provisions of the career offender designation—this is not the matter before this Court. *Id.* at 492. Second, the cases relied upon by the panel deal with deter-

mination of unenumerated "crimes of violence" under the guidelines. The guidelines' definition sets out certain specific crimes, including arson, that are "crimes of violence" and then goes on to include any other felony offense that *"otherwise involves conduct that presents a serious potential risk of physical injury to another."* U.S.S.G. § 4B1.2(1) (emphasis added). As opposed to the language being considered by this Court—directing us to examine the *"nature"* of the offense, 18 U.S.C. § 3156—the *Cornelius* court's inquiry was focused on specific *"conduct that presents a serious potential risk,"* U.S.S.G. § 4B1.2(1). The difference between *"nature"* and *"conduct"* drives the inquiry from the general to the specific. We find the analysis in *United States v. Chimurenga* persuasive. 760 F.2d 400, 403–04 (2d Cir.1985) (2d Circuit essentially performs analysis of statutory elements in interpreting 18 U.S.C. § 3156).

In the event the Eighth Circuit chooses to extend its analysis in *Cornelius, supra,* to the interpretation of § 3156(a)(4)(B), we find that Defendants' specific conduct, in carrying out the crime of "arson" for which they were convicted, amounted to a "crime of violence" as specified in 18 U.S.C. §§ 3142, 3143 and 3156. The record at trial supports the finding that Defendants attempted to destroy or damage a building affecting interstate commerce by pouring large volumes of flammable liquids in, on and around

is a felony. Therefore, the Court must determine whether the damaging or destroying, or attempting to damage or destroy, a building by fire or explosive presents a substantial risk that physical force will be brought to bear against the person or property of another. We believe it does.

It seems beyond question that the application of fire or explosives to a building in an attempt to destroy or damage it is tantamount to applying physical force against that property. Defendants argue that since the building in question was "owned" by Defendant Marzullo it was not "property of another" as required by the statute. Looking to the "nature" of the crime of arson, however, it seems clear that the offense ordinarily carries with it a substantial risk to the "property of another." The usual fact is that arson for profit committed by the "owner" risks more than his or her own property. First, to the degree that lenders or vendors of the "owner" have security interest in the building or its contents, their property must be at risk. Additionally, any items left in the store on a consignment basis amount to "property of another" that is put at risk. Finally, with an arson fire, there is always the risk that it will spread beyond the intended target and involve surrounding property or properties.

It is also the case, that arson routinely involves a substantial risk to the "person of another." As noted above, the risk that the fire will impinge upon other structures may include the spread to occupied structures, putting the "person of another" at risk. There is also the risk that firefighting personnel or investigative personnel will be injured by physical force while extinguishing the fire or investigating the fire scene. Accordingly, after examination of the statutory language, this Court concludes that arson is a "crime of violence" as defined by 18 U.S.C. § 3156.

In addition, the Court has found one reported case close to point. In *United States v. Shaker*, a federal district court in Indiana held that the crime of "arson" as set out in 18 U.S.C. § 844(i) that results in the death of another person is a "crime of violence" under either 18 U.S.C. § 3156(a)(4)(A) or 18 U.S.C. § 3156(a)(4)(B). 665 F.Supp. 698, 702 n. 4 (N.D.Ind.1987). We find the reasoning of the Indiana court applicable to the present case.

## 2. Analogous Authority

While the Court believes it need not go further in its analysis to decide this matter, it may prove instructive for the Court to examine other evidence the Court finds persuasive as to the meaning of "crime of violence" as defined in 18 U.S.C. § 3156. As alluded to above, the language codified at 18 U.S.C. § 16 and the language codified at 18 U.S.C. § 3156 were both enacted by Congress on the same day, October 12, 1984, as part of the Comprehensive Crime Control Act of 1984, Pub.L. 98–473, 98 Stat. 1837. Both sections purport to define "crime of violence" and in all relevant parts use exactly the same language. While there is a dearth of authority interpreting § 3156, that is not the case for § 16. From the outset, the Sentencing Commission has explicitly defined 18 U.S.C. § 16 to include the crime of arson. *See* U.S.S.G. § 4B1.2 Commentary, *supra*. The majority of the circuits have accepted and applied this definition. *See generally, e.g., United States v. Walker*, 930 F.2d 789,

the building. Trial Tr. at ——. Indeed, the government's expert indicated there was enough flammable liquid used to blow up the entire block. *Id.* at ——. The evidence supports the finding that the flammable liquid used was gasoline, kerosene or some mixture of the two. *Id.* at ——. This mixture, by its very nature, amounts to an explosive under 18 U.S.C. § 844. *See, e.g., United States v. Morrow*, 717 F.2d 800 (3d Cir.), *cert. denied,* 464 U.S. 1069, 104 S.Ct. 975, 79 L.Ed.2d 213 (1983). The record further supports the finding that there was civilian traffic in the immediate area on the night of the fire; that there was residential dwelling places in close proximity to the property against which Defendants committed arson; and that various emergency and investigatory personnel responded and worked at the scene while un-consumed vapors and residues from the flammable liquids were still present. Accordingly, this Court finds the specific conduct of Defendants, in the commission of the charged arson, amounted to a "crime of violence" under the applicable statutes.

794–95 (10th Cir.1991). Presumably, Congress is aware of the interpretation of the Sentencing Commission and the various circuits and has chosen to let such interpretation stand. We find such facts to be persuasive as to the correctness of the interpretation of 18 U.S.C. § 16 to include arson as a "crime of violence." We further find it persuasive as to the fact that "crime of violence" as defined in 18 U.S.C. § 3156 was likewise intended to include arson as a "crime of violence." It would, indeed, be an anomaly if Congress, by enacting the same language in two sections of the same bill, on the same day, intended that the two sections be interpreted differently.

*3. Legislative History*

Finally, the Court finds that foraging around in the statute's legislative history yields the same conclusion. Section 3143 requires pre-sentence detention of persons convicted of an offense described in subparagraph (A), (B), or (C) of 18 U.S.C. § 3142(f)(1). 18 U.S.C. § 3143(a)(2). Subparagraph (A) refers to a "crime of violence." 18 U.S.C. § 3142(f)(1). As noted above, Congress went on to define "crime of violence," as used in § 3142(f)(1), in § 3156. 18 U.S.C. § 3156(a)(4), *supra*. There is also direct statutory history indicating what Congress meant by "crime of violence" in 18 U.S.C. § 3142(f)(1).

Both Senate and House reports instruct that the term "crime of violence" should be construed consistent with the same category of offense as described in the District of Columbia Criminal Code (D.C.Code). S.Rep. No. 225, 98th Cong., 1st Sess. 20–21 (1983), *reprinted in* 1984 U.S.Code.Cong. & Admin.News 3182, 3203–04;[9] H.R.Rep. No. 1121, 98th Cong., 2d Sess. at 27–28 (1984) (emphasis added).[10] Section 23–1331(4) of the D.C.Code defines "crime of violence" and states, in pertinent part:

The term "crime of violence" means murder, forcible rape, carnal knowledge of a female under the age of sixteen, taking or attempting to take immoral, improper, or indecent liberties with a child under the age of sixteen years, mayhem, kidnaping, robbery, burglary, voluntary manslaughter, extortion or blackmail accompanied by threats of violence, *arson*, assault with intent to commit any offense, assault with a dangerous weapon, or an attempt or conspiracy to commit any of the foregoing offenses. . . .

D.C.Code Ann. § 23–1331(4) (emphasis added). In light of this history, it seems beyond question that Congress intended "arson" to be included as a "crime of violence." There is additional legislative history that supports this conclusion.

Much of the Comprehensive Crime Control Act of 1984, Pub.L. 98–473, derives from Senate Bill 1762 passed by the Senate on February 2, 1984. S. 1762, reported in 1984 U.S.Code Cong. & Admin.News at 3182. This bill enacted all of the provisions referred to above and relevant to our inquiry. The purpose of the bill was to "make comprehensive reforms and im-

---

**9.** The Senate Report provides that:

The offenses set forth in subsection (f)(1)(A) through (C) [in 18 U.S.C. § 3142] are *crimes of violence*, offenses punishable by life imprisonment or death, or offenses for which a maximum 10–year imposition is prescribed. . . . These offenses are essentially the same categories of offenses described in the District of Columbia Code by the terms "dangerous crime" and "crime of violence" for which a detention hearing may be held under the statute. [The report goes on to cite D.C.Code, secs. 23–1322(a), 23–1331(3) and 23–1331(4)].

S.Rep. No. 225, 98th Cong., 1st Sess. at 20–21 (1983), *reprinted in* 1984 U.S.C.C.A.N. 3203, 3204 (emphasis added).

**10.** The House Report states, in pertinent part:

Subsection (f) of section 3142 describes in paragraphs (1) through (6), the circumstances under which a detention hearing may be held. Under paragraphs (1) through (3), a detention hearing may be held if the defendant is charged with (1) a crime of violence; (2) an offense punishable by death or life imprisonment; or (3) a major drug trafficking offense. These offenses are *essentially the same categories of offenses for which a pretrial detention hearing may be held under the D.C.Code.*

. . . .

The procedural requirements for the pretrial detention are set forth in 3142(f) and *track those of the analogous provision set forth in the D.C.Code.* . . .

H.R.Rep. No. 1121, 98th Cong., 2d Sess. 27–28 (1984) (emphasis added).

provements in the Federal criminal laws and procedures." S.Rep. No. 225, 98th Cong. 1st Sess. (1983), *reprinted in* 1984 U.S.C.C.A.N. 3182. The bill addressed various areas including sentencing reform, bail reform, as well as amending various criminal statutes and was aimed at enacting a modern Federal criminal code. *Id.* at 1, *reprinted in* 1984 U.S.C.C.A.N. at 3184.

The Senate Report sets out a table of contents identifying and cataloguing the various provisions it contained. *Id.* at III, *reprinted in* 1984 U.S.C.C.A.N. at 3183. As noted above, this bill amended certain statutes under the federal criminal code. The table of contents separated these various amendments into "Miscellaneous *violent crime* amendments" and "Serious non-violent offenses." *Id.* (emphasis added). Significantly, the amendments to 18 U.S.C. § 844—the federal arson statute the Defendants were charged under—were catalogued under the heading "Miscellaneous *violent crime* amendments." *Id.* (emphasis added). Again, the distinct inference is that Congress intended arson to be considered a "crime of violence."

Finally, Congressional discussion of its own view of the crime of arson, as set forth in 18 U.S.C. § 844, is instructive. Congress was acutely cognizant of the substantial risk to persons, inherent in the federal crime of arson. Speaking to risk that injury or death may be the proximate result of the commission of arson under § 844, Congress said:

> For example, included in the *reasonably foreseeable consequences* of the burning or destruction by an explosive of a building affecting interstate commerce in violation of subsection 844(i) would be a response by firemen and others (including high speed driving of fire equipment and ambulances), crowd control by policemen, and the examination of the remains of the building and undetonated explosives by any one of a number of law enforcement officers and technicians.

*Id.* at 359, *reprinted in* 1984 U.S.C.C.A.N. at 3508 (emphasis added). These slices of legislative history lend considerable support to the conclusion that the crime of "arson" presents a substantial risk that physical force will be brought to bear against the person or property of another. *Cf.* 18 U.S.C. § 3156.

## CONCLUSION

After conducting its own independent analysis, and for the reasons discussed above, this Court

CONCLUDES that the crime of "arson," as set forth in 18 U.S.C. § 844, amounts to a "crime of violence" for the purposes of 18 U.S.C. §§ 3142, 3143 and 3156. Accordingly, it is

ORDERED that Defendants remain in the custody of the Attorney General or his authorized representative for detention pending completion of Defendants' sentencing. It is further

ORDERED that Defendants be confined in a corrections facility separate, to the extent practicable, from persons serving sentences or being held in custody pending appeal. It is further

ORDERED that the Attorney General or his authorized representative ensure that each Defendant is afforded reasonable opportunity for private consultation with counsel. It is further

ORDERED that, on ORDER of a court of the United States or on request of an attorney of the Government, the person in charge of the corrections facility in which each Defendant is confined deliver the Defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

IT IS SO ORDERED.