UNITED STATES, Appellee,

v.

James L. MITCHELL, Defendant,
Appellant.

No. 94–1188.

United States Court of Appeals,
First Circuit.

Submitted March 24, 1994.

Decided April 13, 1994.

Walter B. Prince and Peckham, Lobel, Casey, Prince & Tye, Boston, MA, on brief, for appellant.

Donald K. Stern, U.S. Atty., Sheila W. Sawyer and Kevin J. Cloherty, Asst. U.S. Attys., Boston, MA, on brief, for appellee.

Before BREYER, Chief Judge, SELYA and BOUDIN, Circuit Judges.

PER CURIAM.

Following his conviction on two arson-related offenses, defendant James Mitchell was ordered detained pending sentencing pursuant to 18 U.S.C. § 3143(a)(2). He now appeals from this order, alleging that the district court improperly characterized his offenses as "crimes of violence" within the meaning of the Bail Reform Act. For the reasons that follow, we affirm.

The facts giving rise to these convictions, which defendant does not dispute for purposes of the instant appeal, can be summarized as follows. Defendant was the co-owner and operator of a private club in Boston named "Club 297." In January 1989, city officials ordered that the club be closed because of various health and building code violations. Believing that there was no realistic prospect of obtaining approval to reopen, defendant devised a scheme to burn the building in order to collect insurance proceeds. In return for a promised $11,000 payment, defendant persuaded codefendant

Ronald Wallace (a club employee) to set the fire. On the evening of February 6, 1989, in accordance with defendant's instructions, Wallace ignited a pile of mattresses soaked with kerosene. The ensuing blaze caused over $500,000 in damages. At least three other persons were in the building at the time, one of whom had to be evacuated by the police.

After a 14-day jury trial, defendant was convicted of conspiracy to commit arson (in violation of 18 U.S.C. § 371) and aiding and abetting arson (in violation of 18 U.S.C. §§ 844(i) and 2). Deeming these offenses to be "crimes of violence" as defined in 18 U.S.C. § 3156(a)(4),[1] the district court found that defendant was subject to mandatory detention pending sentencing pursuant to § 3143(a)(2).[2] The court thereafter postponed defendant's reporting date for two weeks due to family considerations, relying on the "exceptional reasons" provision in § 3145(c).

On appeal, defendant's sole challenge is to the determination that his offenses constituted crimes of violence. He does not dispute (as he apparently did below) that the sub-stantive crime of arson set forth in 18 U.S.C. § 844(i) is embraced by this term.[3] Rather, defendant contends that *conspiring* to commit arson and *aiding and abetting* the commission thereof—the crimes of which he was convicted—are sufficiently distinct from the underlying substantive offense, and are sufficiently less culpable in nature, so as to fall outside the definition of crime of violence. Defendant has cited no authority in support of these assertions, and we find them unpersuasive.

▪ We turn to the aiding and abetting charge first, as defendant's argument in this regard merits scant attention. Defendant suggests that, because he did not actually set the fire, he was merely a "culpable intermediary" whose role in the offense was less flagrant than that of Wallace. This contention, of course, flies in the face of the evidence that defendant initiated and orchestrated the entire scheme. In any event, the precise nature of defendant's involvement is of little relevance,[4] for aiding and abetting "is not a separate offense" from the underlying substantive crime. *United States v. Sanchez,* 917 F.2d 607, 611 (1st Cir.1990), *cert. denied,*

---

1. Section 3156(a)(4) reads as follows:
   [T]he term "crime of violence" means—
   (A) an offense that has as an element of the offense the use, attempted use, or threatened use of physical force against the person or property of another; or
   (B) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

2. This provision, with its cross-reference to § 3142(f)(1), provides in relevant part as follows:
   The judicial officer shall order that a person who has been found guilty of [a crime of violence] and is awaiting imposition or execution of sentence be detained unless—
   (A)(i) the judicial officer finds that there is a substantial likelihood that a motion for acquittal or new trial will be granted; or
   (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and
   (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.
   18 U.S.C. § 3143(a)(2). While the court here found no likelihood of flight or danger under subsection (B), it also found pursuant to subsec-tion (A) that a motion for new trial was unlikely to be granted and that a prison term would be recommended.

3. Any such argument would have been plainly unavailing. *See, e.g., United States v. Marzullo,* 780 F.Supp. 658, 662–65 (W.D.Mo.1991) (finding arson to be an offense that "by its nature involves a substantial risk that physical force against the person or property of another would be used"); *United States v. Shaker,* 665 F.Supp. 698, 702 n. 4 (N.D.Ind.1987) (same); *cf. United States v. Lee,* 726 F.2d 128, 131 (4th Cir.) (noting that arson was crime of violence under 18 U.S.C. § 1952(a)(2)), *cert. denied,* 467 U.S. 1253, 104 S.Ct. 3540, 82 L.Ed.2d 844 (1984); U.S.S.G. § 4B1.2(1)(ii) (explicitly including "arson" within definition of "crime of violence" for purposes of sentencing guidelines).

4. His conviction on the aiding and abetting charge means, at a minimum, that defendant "in some sort associate[d] himself with the venture, that he participate[d] in it as in something that he wishe[d] to bring about, that he [sought] by his action to make it succeed." *United States v. Lema,* 909 F.2d 561, 569 (1st Cir.1990) (quoting *Nye & Nissen v. United States,* 336 U.S. 613, 619, 69 S.Ct. 766, 769–70, 93 L.Ed. 919 (1949) (internal quotation omitted).

499 U.S. 977, 111 S.Ct. 1625, 113 L.Ed.2d 722 (1991). One who aids and abets an offense "is punishable as a principal," 18 U.S.C. § 2, and "the *acts* of the principal become those of the aider and abetter as a matter of law." *United States v. Simpson,* 979 F.2d 1282, 1285 (8th Cir.1992) (emphasis in original), *cert. denied,* —— U.S. ——, 113 S.Ct. 1345, 122 L.Ed.2d 727 (1993). Accordingly, as other courts have held in analogous circumstances, aiding and abetting the commission of a crime of violence is a crime of violence itself. *See, e.g., United States v. Groce,* 999 F.2d 1189, 1191–92 (7th Cir.1993) (aiding and abetting burglary is "violent felony" under Armed Career Criminal Act, 18 U.S.C. § 924(e)(1)); *Simpson,* 979 F.2d at 1285–86 (defendant, having aided and abetted bank robbery, was subject to sentencing enhancement under 18 U.S.C. § 924(c)(1) for having aided and abetted use of firearm during crime of violence); *United States v. Hathaway,* 949 F.2d 609, 610 (2d Cir.1991) (per curiam) (Vermont crime of third-degree arson, which prohibits "secondary acts such as counseling, aiding or procuring the burning," falls within "generic definition" of arson offense and so is "violent felony"), *cert. denied,* —— U.S. ——, 112 S.Ct. 1237, 117 L.Ed.2d 470 (1992).

■ We likewise agree with the district court that a conspiracy to commit a crime of violence is itself a crime of violence. As the Second Circuit explained in *United States v. Chimurenga,* 760 F.2d 400 (2d Cir.1985): "The existence of a criminal grouping increases the chances that the planned crime will be committed beyond that of a mere possibility. Because the conspiracy itself provides a focal point for collective criminal action, attainment of the conspirators' objectives becomes instead a significant *probability.*" *Id.* at 404 (emphasis in original). The court therefore found that conspiracy to commit armed robbery, even though an inchoate crime, was nonetheless an act "involving 'a substantial risk' of violence" and so constituted a crime of violence under the Bail Reform Act.[5] *Id.* (quoting 18 U.S.C. § 3156(a)(4)(B)); *accord, e.g., United States v. DiSomma,* 951 F.2d 494, 496 (2d Cir.1991) (same); *United States v. Dodge,* 842 F.Supp. 643 (Mag.D.Conn.1994) (conspiracy to possess silencer).

Under analogous provisions of the criminal code, numerous courts have employed the same reasoning to reach the same result.[6] *See, e.g., United States v. Kern,* 12 F.3d 122, 126 (8th Cir.1993) (conspiracy to commit bank robbery is crime of violence as defined in 18 U.S.C. § 16); *United States v. Mendez,* 992 F.2d 1488, 1491–92 (9th Cir.) (conspiracy to rob is crime of violence under 18 U.S.C. § 924(c)(3)) (collecting cases), *cert. denied,* —— U.S. ——, 114 S.Ct. 262, 126 L.Ed.2d 214 (1993); *United States v. Johnson,* 962 F.2d 1308, 1311–12 (8th Cir.) (§ 924(c); conspiracy to commit bank robbery), *cert. denied,* —— U.S. ——, 113 S.Ct. 358, 121 L.Ed.2d 271 (1992); *United States v. Patino,* 962 F.2d 263, 267 (2d Cir.) (§ 924(c); conspiracy to commit kidnapping), *cert. denied,* —— U.S. ——, 113 S.Ct. 354, 121 L.Ed.2d 268 (1992); *United States v. Greer,* 939 F.2d 1076, 1099 (5th Cir.1991) (§ 924(c); conspiracy to deprive citizens of civil rights), *aff'd en banc,* 968 F.2d 433 (5th Cir.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 1390, 122 L.Ed.2d 764 (1993); *see also United States v. Cruz,* 805 F.2d 1464, 1474 n. 11 (11th Cir.1986) ("any conspiracy to commit a crime of violence" would, by its nature, create a "substantial risk of violence") (dicta), *cert. denied,* 481 U.S. 1006, 107 S.Ct. 1631, 95 L.Ed.2d 204 (1987). *But cf. United States v. King,* 979 F.2d 801 (10th Cir.1992) (holding that conspiracy to commit armed robbery under New Mexico law was not "violent felony" for purposes of § 924(e)).

---

5. The *Chimurenga* court further noted that pertinent provisions of the District of Columbia Criminal Code (upon which the Bail Reform Act was based) define crimes of violence to include conspiracies. 760 F.2d at 404; *see also United States v. Marzullo,* 780 F.Supp. 658, 664 (W.D.Mo.1991).

6. The definitions of crime of violence in 18 U.S.C. §§ 16 and 924(c)(3), to which reference is here made, are in all relevant respects identical to that in § 3156(a)(4). In particular, all three include the provision relied on by the *Chimurenga* court—i.e., an offense "that, by its nature, involves a substantial risk that physical force against the person or property of another may be used."

For these reasons, we conclude that both of defendant's convictions—conspiracy to commit arson and aiding and abetting the commission thereof—constitute crimes of violence within the meaning of § 3156(a)(4).[7] As defendant has advanced no other challenge to the detention order, we affirm the district court's decision.

*Affirmed.*

---

**7.** We note that a similar result obtains under the sentencing guidelines, which specifically include both aiding and abetting and conspiracy within the definition of crime of violence. *See* U.S.S.G. § 4B1.2 comment. (n. 1); *see, e.g., United States v. Carpenter,* 11 F.3d 788, 790–91 (8th Cir.1993) (conspiracy to commit burglary); *United States v. Fiore,* 983 F.2d 1, 4 (1st Cir.1992) ("conspiracy convictions can serve as predicate offenses under the career offender provisions"), *cert. denied,* ——

U.S. ——, 113 S.Ct. 1830, 123 L.Ed.2d 458 (1993); *United States v. Morrison,* 972 F.2d 269, 270–71 (9th Cir.1992) (per curiam) (aiding and abetting malicious destruction of property). *Compare United States v. Innie,* 7 F.3d 840, 848–52 (9th Cir.1993) (holding that offense of being accessory after the fact is not a crime of violence under guidelines; distinguishing aiding and abetting and conspiracy in this regard).