# In re Edward Paul SWEETSER, Respondent

## File A30 437 320 - Cañon City

*Decided May 19, 1999*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

(1) Where the state statute under which an alien has been convicted is divisible, meaning it encompasses offenses that constitute crimes of violence as defined under 18 U.S.C. § 16 (1994) and offenses that do not, it is necessary to look to the record of conviction, and to other documents admissible as evidence in proving a criminal conviction, to determine whether the specific offense of which the alien was convicted constitutes an aggravated felony as defined in section 101(a)(43)(F) of the Immigration and Nationality Act, 8 U.S.C. § 1101(a)(43)(F) (Supp. II 1996).

(2) For purposes of determining whether an offense is a crime of violence as defined in 18 U.S.C. § 16(b), it is necessary to examine the criminal conduct required for conviction, rather than the consequence of the crime, to find if the offense, by its nature, involves "a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."

(3) To find that a criminal offense is a crime of violence under 18 U.S.C. § 16(b), a causal link between the potential for harm and the "substantial risk" of "physical force" being used must be present. *Matter of Magallanes*, 22 I&N Dec. 1 (BIA 1998), clarified.

(4) An alien convicted of criminally negligent child abuse under sections 18-6-401(1) and (7) of the Colorado Revised Statutes, whose negligence in leaving his stepson alone in a bathtub resulted in the child's death, was not convicted of a crime of violence under 18 U.S.C. § 16(b) because there was no "substantial risk that physical force" would be used in the commission of the crime.

Lane McFee, Esquire, Denver, Colorado, for respondent

Elizabeth Posont, Assistant District Counsel, for the Immigration and Naturalization Service

Before: Board En Banc: SCHMIDT, Chairman; DUNNE, Vice Chairman; VACCA, HEIL-MAN, HOLMES, HURWITZ, VILLAGELIU, FILPPU, COLE, ROSENBERG, MATHON, GUENDELSBERGER, JONES, GRANT, SCIALABBA, and MOSCATO, Board Members.

HEILMAN, Board Member:

The respondent timely appeals the Immigration Judge's May 13, 1997, decision finding him deportable under section 241(a)(2)(A)(iii) of the Immigration and Nationality Act, 8 U.S.C. 1251(a)(2)(A)(iii) (1994), as an alien convicted of an aggravated felony, and ordering him deported. The appeal will be sustained and the deportation proceedings will be terminated.

## I. BACKGROUND

The respondent, a native and citizen of Great Britain, entered the United States as a lawful permanent resident on June 13, 1970. On March 10, 1982, the respondent was convicted in the County Court, El Paso County, Colorado, of shoplifting, in violation of section 18-4-401 of the Colorado Revised Statutes.

On October 19, 1990, the respondent was convicted in the District Court, El Paso County, Colorado, of criminally negligent child abuse pursuant to sections 18-6-401(1) and (7)(a)(II) of the Colorado Revised Statutes. The record reveals that the respondent's stepson was accidentally killed as a result of the respondent's negligence. The presentence investigation report states that the respondent decided to bathe his stepson before changing his diapers. The respondent ran a bath of approximately 4-5 inches of water and left his stepson unattended in the bathtub while tending to his younger daughter in another room. When the respondent returned he found that his stepson had drowned in the bathtub. The coroner ruled the respondent's stepson's death accidental. The respondent, however, was charged with and convicted of criminally negligent child abuse, for which he was sentenced to a term of imprisonment of 4 years.

The Immigration and Naturalization Service initially charged the respondent with deportability under section 241(a)(2)(A)(ii) of the Act for having committed two crimes involving moral turpitude not arising out of a single scheme of criminal misconduct. On February 21, 1997, based upon the respondent's criminally negligent child abuse conviction, the Service filed additional charges of deportability. The Service alleged that the respondent had been convicted of an aggravated felony, to wit, a crime of violence for which the term of imprisonment imposed was at least 1 year.

In his written decision the Immigration Judge determined that the respondent's conviction for criminally negligent child abuse was not a crime involving moral turpitude. Thus, the Immigration Judge did not sustain the Service's charge of deportability under section 241(a)(2)(A)(ii) of the Act. However, citing *United States v. O'Neal*, 937 F.2d 1369 (9th Cir. 1990), and *United States v. Leeper*, 964 F.2d 751 (8th Cir. 1992), the Immigration Judge found that the respondent's part in the unintentional death of his stepson constituted a "crime of violence" for purposes of 18

U.S.C. § 16 (1994). The Immigration Judge determined that the respondent's conviction was sufficient to show that violence would be present, even if the perpetrator did not act intentionally and even if physical aggression was not employed.

## II. ISSUE

Neither party has appealed the Immigration Judge's conclusion that the charge under section 241(a)(2)(A)(ii) of the Act relating to crimes involving moral turpitude was not sustained. Therefore the only issue before us is whether the offense of criminally negligent child abuse pursuant to sections 18-6-401(1) and (7)(a)(II) of the Colorado Revised Statutes is an aggravated felony as defined under section 101(a)(43)(F) of the Act, 8 U.S.C. § 1101(a)(43)(F) (1994), as amended by the Illegal Immigration and Immigration Reform and Immigrant Responsibility Act of 1996, Division C of Pub. L. No. 104-208, § 321(a)(3), 110 Stat. 3009-546, 3009-627 ("IIRIRA").

## III. THE RESPONDENT'S POSITION ON APPEAL

It is the respondent's position that his conviction is not for an aggravated felony as that term is defined under the Act. The respondent, through counsel, argues that the offense of criminally negligent child abuse lacks the minimum "reckless" intent to be considered a crime of violence under section 101(a)(43)(F) of the Act. The respondent asserts that the rule of lenity should be applied as a result of the compelling mitigating factual circumstances surrounding this case. He further maintains that application of the statutory amendments to section 101(a)(43)(F) of the Act would violate his right to due process. Lastly, the respondent argues that the retroactive application of these amendments is in violation of the statutory language.

## IV. THE SERVICE'S POSITION ON APPEAL

It is the Service's position on appeal that the respondent's conviction pursuant to sections 18-6-401(1) and (7)(a)(II) of the Colorado Revised Statutes is a conviction for an aggravated felony under the Act. The Service argues that the offense of criminally negligent child abuse under Colorado law is a crime of violence as described in section 101(a)(43)(F) of the Act, irrespective of the criminal intent of the respondent. Lastly, the Service argues that the United States Court of Appeals for the Tenth Circuit, where this case arises, in *United States v. Farnsworth*, 92 F.3d 1001 (10th Cir.),

*cert. denied*, 519 U.S.1034 (1996), and *United States v. Gacnik*, 50 F.3d 848 (10th Cir. 1995), has already determined that criminally negligent homicide is a crime of violence.

## V. ANALYSIS

We note at the outset that the definition of an aggravated felony, as set forth at section 101(a)(43) of the Act, has been subject to many amendments since its introduction into the Act in 1988. It was most recently amended by section 321(a)(3) of the IIRIRA, which decreased the term of imprisonment required from 5 years to "at least 1 year." Section 321(c) of the IIRIRA, 110 Stat. at 3009-628, provides that the "amendments made by this section shall apply to actions taken on or after the date of the enactment of this Act, regardless of when the conviction occurred." Inasmuch as this Board's consideration of this appeal constitutes an "action," the respondent is subject to this current definition. *See Matter of Batista*, 21 I&N Dec. 955 (BIA 1997).

### A. Crimes of Violence as Defined Under 18 U.S.C. §16

Section 101(a)(43)(F) of the Act includes in the definition of an aggravated felony "a crime of violence (as defined in section 16 of title 18, United States Code, but not including a purely political offense) for which the term of imprisonment imposed (regardless of any suspension of such imprisonment) [is] at least 1 year." *See Matter of S-S-*, 21 I&N Dec. 900 (BIA 1997).

The term "crime of violence" is defined at 18 U.S.C. § 16 as follows:

(a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

Determining whether a conviction is for a crime of violence involves a two-step test. For a particular offense to be a "crime of violence" under 18 U.S.C. § 16(a), the elements of the offense must be such that physical force is an element of the crime. Alternatively, in determining whether an offense is a crime of violence under 18 U.S.C. § 16(b), this Board applies the "generic" or "categorical" approach. In other words, analysis under this section "requires that the offense be a felony; and, if it is, that the 'nature of the crime—as elucidated by the generic elements of the offense—is such that its commission would ordinarily present a risk that physical force would be

used against the person or property of another' irrespective of whether the risk develops or harm actually occurs." *Matter of Alcantar*, 20 I&N Dec. 801, 812 (BIA 1994) (quoting *United States v. Marzullo,* 780 F. Supp. 658, 662 (W.D. Mo. 1991)); *see also United States v. Jackson*, 986 F.2d 312 (9th Cir. 1993); *United States v. Sherman*, 928 F.2d 324 (9th Cir.), *cert. denied*, 502 U.S. 842 (1991). The reason for this approach is clear: either a crime is violent "by its nature" or it is not. 18 U.S.C. § 16(b). It cannot be a crime of violence "by its nature" in some cases, but not in others.

Citing language in *Matter of Alcantar, supra*, the respondent argues that there is a "reckless" intent requirement to section 101(a)(43)(F) of the Act and 18 U.S.C. § 16. The Service responds to this argument by requesting that the Board either make a "child victim" exception to the intent requirements cited in *Matter of Alcantar* or find that the "reckless intent" language in that case is dicta. We need not address this issue. We find that regardless of the respondent's intent, his offense does not constitute a crime of violence as defined in section 101(a)(43)(F) of the Act.

## B. Application of 18 U.S.C. § 16(a)

The respondent was sentenced to 4 years' imprisonment for his child abuse conviction. Therefore, the only issue is whether the respondent's offense falls within the definition of a "crime of violence" found at 18 U.S.C. § 16.

The respondent was convicted of criminally negligent child abuse pursuant to sections 18-6-401(1) and (7)(a)(II) of the Colorado Revised Statutes. Under Colorado law, a person is guilty of committing child abuse "if he causes an injury to a child's life or health or permits a child to be unreasonably placed in a situation which poses a threat of injury to the child's life or health." Colo. Rev. Stat. § 18-6-401(1) (1990). Such an offense is a class 3 felony when "a person acts with criminal negligence and the child abuse results in death to the child." Colo. Rev. Stat. § 18-6-401(7)(a)(II) (1990). Under Colorado law a person acts with criminal negligence when, "through a gross deviation from the standard of care that a reasonable person would exercise, he fails to perceive a substantial and unjustifiable risk that a result will occur or that a circumstance exists." Colo. Rev. Stat. § 18-1-501(3) (1990).

We note that the statute under which the respondent was convicted is divisible, meaning it encompasses offenses that include as an element the use, attempted use, or threatened use of physical force against the person or property of another, as well as offenses that do not. *See Matter of Teixeira,* 21 I&N Dec. 316 (BIA 1996) (applying a divisibility analysis to firearms offenses); *Matter of Short*, 20 I&N Dec. 136 (BIA 1989) (same analysis as to crimes involving moral turpitude); *Matter of Mena*, 17 I&N Dec. 38 (BIA 1979) (same analysis as to controlled substance offenses).

Where a statute under which an alien was convicted is divisible, we look to the record of conviction, and to other documents admissible as evidence in proving a criminal conviction, to determine whether the specific offense of which the alien was convicted will sustain a ground of deportability under section 241(a)(2)(A)(iii) of the Act. This approach does not involve an inquiry into facts previously presented and tried. Instead the focus is on the elements required to sustain the conviction. *See Matter of Pichardo*, 21 I&N Dec. 330 (BIA 1996).

A review of the conviction record establishes that the respondent was convicted of *negligence* resulting in the death of his stepson. The fact that the respondent was convicted of acting with criminal negligence supports the conclusion that he was convicted of that part of the statute which made it an offense to "permit [his stepson] to be unreasonably placed in a situation which pose[d] a threat of injury to [the] child's life," rather than the part prohibiting a person from *causing* an injury. Colo. Rev. Stat. § 18-6-401(1). The respondent was negligent by deviating "from the standard of care that a reasonable person would exercise," thus failing to "perceive a substantial and unjustifiable risk" that a result would occur or that a particular circumstance existed. Colo. Rev. Stat. § 18-1-501(3). Nothing in this criminal negligence definition under the Colorado statute includes as an element the use, attempted use, or threatened use of physical force against the person or property of another. Accordingly, the respondent's conviction does not satisfy the test set forth at 18 U.S.C. § 16(a). *See Matter of Madrigal*, 21 I&N Dec. 323 (BIA 1996). Thus, the remaining issue is whether the conviction satisfies the test articulated at 18 U.S.C. § 16(b).

## C. Application of 18 U.S.C. § 16(b)

Although the Colorado "criminal negligence" provision does not require the use or attempted or threatened use of force, it does require that there be a "substantial and unjustifiable risk" that a proscribed result will occur. In this respect, it tracks parallel language in 18 U.S.C. § 16(b). We must therefore look to the substantive provisions of the Colorado child abuse statute to determine whether the respondent's conviction brings him within § 16(b) of the "crime of violence" statute. Section 18-6-401 of the Colorado Revised Statutes contains offenses that by their nature may or may not involve "a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 16(b). Thus, we find that section 18-6-401, in relation to the definition at § 16(b), is also divisible.

Unlike § 16(a), a "generic" or "categorical" approach is required to determine if a criminal offense is a crime of violence as defined by 18 U.S.C. § 16(b). The statute's divisibility renders the generic elements of which the respondent was convicted unclear. In cases such as this, where

the statute encompasses a wide range of behaviors that may or may not result in immigration consequences under the Act, the categorical approach allows a court to go beyond the mere fact of conviction. *See United States v. Taylor*, 495 U.S. 575 (1990). We therefore look to the record of conviction in order to resolve patent ambiguity caused by a broad state statute. *See United States v. Taylor, supra*, at 602. This method of dealing with such statutes is consistent with our treatment of "divisible" statutes. *See Vue v. INS*, 92 F.3d 696, 701 (8th Cir. 1996). In fact, the Board's divisibility analysis is identical to how the federal courts have applied the categorical approach to divisible statutes. Consequently, we adopt the divisibility analysis set forth in *Matter of Teixeira, supra*, in applying 18 U.S.C. § 16(b) to divisible criminal statutes. We reiterate that this approach does not involve an inquiry into facts previously presented and tried. Instead we focus only on the facts necessarily decided by the prior conviction. *See United States v. Kirksey*, 138 F.3d 120, 125 (4th Cir.), *cert. denied*, ___ U.S. ___, 119 S. Ct. 122 (1998).

As noted above, examination of the record of conviction establishes that the respondent was convicted of acting with criminal negligence by permitting his stepson "to be unreasonably placed in a situation which posed a threat of injury to the child's life or health" in violation of section 18-6-401(1) of the Colorado Revised Statutes. The respondent's criminal negligence resulted in the accidental drowning death of his stepson.

Upon this record we cannot find that the respondent was convicted of a "crime of violence" as defined by 18 U.S.C. § 16(b). Analysis of the conviction record shows that the respondent was convicted of failing to exercise a reasonable standard of care in recognizing a substantial and unjustifiable risk resulting in his stepson's death. The basis for the respondent's criminal liability was his failure to recognize an unjustifiable risk by permitting his stepson to be left alone in a partially filled bathtub. *See People v. Mann*, 646 P.2d 352, 355-56 (Colo. 1982) (holding that inaction will sustain a conviction for criminally negligent child abuse under section 18-6-401 of the Colorado Revised Statutes). That portion of § 18-6-401 which criminalizes the act of permitting "a child to be unreasonably placed in a situation which poses a threat" does not involve a substantial risk that the respondent will use physical force during the commission of the offense. No force or violence is necessary. Instead, only an act of omission is required for a conviction under this portion of the state criminal statute. Consequently, we find that by its nature the respondent's offense is not a crime of violence, as required for conviction under 18 U.S.C. § 16(b). *See generally United States v. Parson*, 955 F.2d 858, 866 (3d Cir. 1992).

In light of our decision in this case, we reject the Service's argument that *United States v. Gacnik, supra*, and *United States v. Farnsworth, supra*, require us to find that the respondent was convicted of a "crime of violence."  Both *Gacnik* and *Farnsworth* interpret the amended United States

Sentencing Guidelines in U.S.S.G. § 4B1.2(1)(ii), which relies upon the "serious potential risk of physical injury " in defining a crime of violence. *See* 18 U.S.C.A. ch. 4, § 4B1.2(1)(ii) (West 1996). These Sentencing Guidelines do not require the "physical force" that is required in defining crimes of violence under 18 U.S.C. § 16. In *Matter of Magallanes*, 22 I&N Dec. 1 (BIA 1998), this Board held that the potential for "harm" is determinative in finding a criminal offense a crime of violence under 18 U.S.C. § 16(b). The Service therefore argues that the Tenth Circuit, where this case arises, has already determined that a conviction for criminally negligent homicide is a crime of violence in *Gacnik* and *Farnsworth*. We disagree.

At first blush, the difference in phrasing between 18 U.S.C. § 16 and U.S.S.G. § 4B1.2(1)(ii) appears trivial because most physical injury or harm comes from the use of physical force. However, "the use of physical force" is an act *committed* by a criminal defendant, while the "risk of physical injury" is a *consequence* of the defendant's acts. Therefore, although a parent who negligently leaves a young child unattended near a body of water may risk serious "injury" to the child, there is no risk that "force" will be used in the commission of the offense. *See United States v. Parsons, supra*. The distinction between these two sections was made by this Board in *Matter of Alcantar*, where we noted that the extent of any permissible analogy between § 16, which employs a use of force analysis, and the current definition of a "crime of violence" at § 4B1.2(1) of the Sentencing Guidelines, or of a violent felony at 18 U.S.C. § 924(e)(2)(B), which uses a risk of injury analysis, must be careful to reflect their differences. *See Matter of Alcantar, supra*, at 806 n.3.

It is important to note that neither the conclusion nor the reasoning of *Matter of Magallanes* has been changed by our holding in this case. We do, however, clarify our decision in that case.

Criminal offenses that carry the substantial risk that force will be used also share the potential to result in harm. *See United States v. Gonzalez-Lopez,* 911 F.2d 542, 547 (11th Cir. 1990), *cert. denied*, 500 U.S. 933 (1991); *Matter of Magallanes*, *supra*. However, criminal offenses that have the potential for harm do not always share a substantial risk that force will be used. Without a causal link between the harm and the use of force, a criminal offense cannot be identified as a crime of violence under 18 U.S.C. § 16(b). Our decision in *Matter of Magallanes, supra*, established that driving under the influence involves a substantial risk that a driver will injure someone in an accident. The risk of injury in that case was directly related to the substantial risk that the driver, while operating his motor vehicle, would use physical force to cause the injury. *See id.* at 3-4. Like our holding in this case, the focus in *Magallanes* was on the conduct required for a conviction, i.e. the risk of force, rather than the consequences or harm resulting from the crime. *See Matter of Magallanes, supra*, at 5 (applying

the 18 U.S.C. § 16(b) test to the *conduct* required for a conviction under sections 28-692(a)(1) or 28-697(a)(1) of the Arizona Revised Statutes Annotated). Therefore, despite the risk of "harm" language, *Matter of Magallanes* turned on the question whether there was a substantial risk of "physical force" being used against people or property.

As noted above, the Tenth Circuit in *United States v. Gacnik, supra*, and *United States v. Farnsworth, supra*, relied upon the "potential risk of physical injury" language under the amended section 4B1.2(1) of the Sentencing Guidelines. This risk of injury analysis at U.S.S.G. § 4B1.2(1) may at times be useful in interpreting 8 U.S.C. § 16(b). *See Matter of Magallanes, supra* (using federal court cases interpreting the amended § 4B1.2 to establish that driving under the influence vastly increases the probability that the driver will injure someone in an accident). Nonetheless, the *Gacnik* and *Farnsworth* cases do not support the Service's assertions that the respondent was convicted of a crime of violence in this case. There is nothing in either of those cases, or in the record on appeal, linking the potential for "injury" to the risk of "force" being used against the person or property of another in the commission of a crime under sections 18-6-401(1) and (7)(a)(II) of the Colorado Revised Statutes. Accordingly, we find that the conclusions reached in *Gacnik* and *Farnsworth* are inapposite to this case.

## VI. CONCLUSION

The respondent argues on appeal that the Immigration Judge erred in finding him deportable under section 241(a)(2)(A)(iii) of the Act. We agree. The statute under which the respondent was convicted is divisible; it encompasses offenses that constitute crimes of violence as defined under section 101(a)(43)(F) of the Act, as well as offenses that do not. An examination of the respondent's record of conviction establishes that his offense is not a crime of violence under the Act. Therefore, the Service has not established by clear, unequivocal, and convincing evidence that the respondent is deportable pursuant to section 241(a)(2)(A)(iii) of the Act. *See Woodby v. INS,* 385 U.S. 276 (1966). Accordingly, the respondent's appeal from the Immigration Judge's finding of deportability will be sustained and the deportation proceedings will be terminated.

**ORDER:** The respondent's appeal is sustained and the deportation proceedings are terminated.