# In re Fernando MALTA-Espinoza, Respondent

File A92 717 834 - Eloy

*Decided March 11, 2004*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

A stalking offense for harassing conduct in violation of section 646.9(b) of the California Penal Code, which proscribes stalking when there is a temporary restraining order, injunction, or any other court order in effect prohibiting the stalking behavior, is a crime of violence under 18 U.S.C. § 16(b) (2000), and is therefore an aggravated felony under section 101(a)(43)(F) of the Immigration and Nationality Act, 8 U.S.C. § 1101(a)(43)(F) (2000).

FOR RESPONDENT: Suzannah King Maclay, Esquire, Florence, Arizona

FOR THE DEPARTMENT OF HOMELAND SECURITY: Sandra B. Myles, Assistant Chief Counsel

BEFORE: Board Panel: FILPPU, COLE, and HESS, Board Members.

HESS, Board Member:

In a decision dated June 25, 2003, an Immigration Judge found that the respondent was removable as an alien convicted of an aggravated felony under section 237(a)(2)(A)(iii) of the Immigration and Nationality Act, 8 U.S.C. § 1227(a)(2)(A)(iii) (2000), and was consequently ineligible for cancellation of removal under section 240A(a)(3) of the Act, 8 U.S.C. § 1229b(a)(3) (2000). The respondent has appealed, challenging the Immigration Judge's holding that his stalking offense under California law constitutes a crime of violence under 18 U.S.C. § 16(b) (2000) and is therefore an aggravated felony under section 101(a)(43)(F) of the Act, 8 U.S.C. § 1101(a)(43)(F) (2000). We agree with the Immigration Judge and will dismiss the appeal.

The respondent was convicted on April 17, 2002, of violating section 646.9(b) of the California Penal Code, which stated as follows:

Any person who violates subdivision (a) when there is a temporary restraining order, injunction, or any other court order in effect prohibiting the behavior described in subdivision (a) against the same party, shall be punished by imprisonment in the state prison for two, three, or four years.

Cal. Penal Code § 646.9(b) (West 2002).  Section 646.9(a) of the California Penal Code provided the following:

> Any person who willfully, maliciously, and repeatedly follows or harasses another person and who makes a credible threat with the intent to place that person in reasonable fear for his or her safety, or the safety of his or her immediate family, is guilty of the crime of stalking, punishable by imprisonment in a county jail for not more than one year or by a fine of not more than one thousand dollars ($1,000), or by both that fine and imprisonment, or by imprisonment in the state prison.

Cal. Penal Code § 646.9(a) (West 2002).  Relevant statutory provisions defining the terms in section 646.9 included the following:

> (e) For the purposes of this section, "harasses" means a knowing and willful course of conduct directed at a specific person that seriously alarms, annoys, torments, or terrorizes the person, and that serves no legitimate purpose.  This course of conduct must be such as would cause a reasonable person to suffer substantial emotional distress, and must actually cause substantial emotional distress to the person.

> (f) For purposes of this section, "course of conduct" means a pattern of conduct composed of a series of acts over a period of time, however short, evidencing a continuity of purpose. . . .

> (g) For the purposes of this section, "credible threat" means a verbal or written threat, including that performed through the use of an electronic communication device, or a threat implied by a pattern of conduct or a combination of verbal, written, or electronically communicated statements and conduct made with the intent to place the person that is the target of the threat in reasonable fear for his or her safety or the safety of his or her family and made with the apparent ability to carry out the threat so as to cause the person who is the target of the threat to reasonably fear for his or her safety or the safety of his or her family.  It is not necessary to prove that the defendant had the intent to actually carry out the threat.

Cal. Penal Code §§ 646.9(e)-(g) (West 2002).

Section 646.9(a) of the California Penal Code, which defines the crime of stalking, prohibits a person from following *or* harassing another person against whom threatening behavior is directed.  It is therefore a divisible statute, which allows us to examine the record of conviction to determine under which part of the statute the respondent was convicted.  *See Matter of Sweetser*, 22 I&N Dec. 709, 714 (BIA 1999) ("Where a statute under which an alien was convicted is divisible, we look to the record of conviction, and to other documents admissible as evidence in proving a criminal conviction, to determine whether the specific offense of which the alien was convicted will sustain a ground of deportability.").  The respondent's record of conviction reveals that his conviction was for conduct involving harassing, rather than following, another person.

There are two distinct definitions of a crime of violence under 18 U.S.C. § 16.  First, an offense is a crime of violence if it "has as an element the use,

attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 16(a). Second, any other offense is a crime of violence if it "is a felony . . . that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 16(b). According to the United States Court of Appeals for the Ninth Circuit, in whose jurisdiction this case arises, "'[T]he force necessary to constitute a crime of violence [] must actually be violent in nature.'" *Sareang Ye v. INS*, 214 F.3d 1128, 1133 (9th Cir. 2000) (quoting *Solorzano-Patlan v. INS*, 207 F.3d 869, 875 n.10 (7th Cir. 2000)). Furthermore, the use of force must result from a volitional act that is at least reckless in nature. *United States v. Trinidad-Aquino*, 259 F.3d 1140, 1145 (9th Cir. 2001).

We find that the respondent's stalking offense is a crime of violence under 18 U.S.C. § 16(b). The respondent's crime was punishable by "imprisonment in the state prison for two, three, or four years." Cal. Penal Code § 646.9(b). As a result, his conviction is for a felony. *See* Cal. Penal Code § 17(a) (West 2002); *see also* 18 U.S.C. § 3559(a) (2000). In evaluating whether the offense meets the other requirements for a crime of violence under 18 U.S.C. § 16(b), we look at the generic elements of the offense to determine whether "'its commission would ordinarily present a risk that physical force would be used against the person or property of another' irrespective of whether the risk develops or harm actually occurs." *Matter of Alcantar*, 20 I&N Dec. 801, 812 (BIA 1994) (quoting *United States v. Marzullo*, 780 F. Supp. 658, 662 (W.D. Mo. 1991)).

Applying this analysis, we find that a substantial risk of the use of force exists when a person makes a credible threat that places another in fear for his or her safety through a "course of conduct" of harassment that "seriously alarms, annoys, torments, or terrorizes the person" and "would cause a reasonable person to suffer substantial emotional distress." Cal. Penal Code §§ 646.9(a), (e). We acknowledge that it is possible to violate California's stalking statute without the use of force, such as through the use of a computer, a telephone, or mail. *See People v. Norman*, 89 Cal. Rptr. 2d 806, 808-10 (Cal. Ct. App. 1999). Nevertheless, when a "course of conduct" that is both serious and continuing in nature is coupled with a "credible threat" to another's "safety,"[1] there is a substantial risk that physical force may be used, at least recklessly, over the duration of the commission of the crime. Cal. Penal Code §§ 646.9(a),

---

[1] Although the intent to create a fear for the "safety" of the victim or a family member is not limited to his or her physical safety, it is the risk of the use of force by the perpetrator during the harassment that is at issue. *See United States v. Jones*, 231 F.3d 508, 519-20 (9th Cir. 2000) (citing *People v. Borrelli*, 91 Cal. Rptr. 2d 851, 862 (Cal. Ct. App. 2000), for the proposition that section 646.9 does not require a fear for a person's "physical safety"). Because *United States v. Jones*, *supra*, appears to be inconsistent with a finding that stalking is a crime of violence under 18 U.S.C. § 16(a) and may reflect that not all stalking crimes will involve violence, we focus on § 16(b) and the "substantial risk" question.

(e)-(f). The fact that the respondent violated the California stalking statute despite the existence of a court order prohibiting the behavior demonstrates a level of determination that further increases the severity of the interaction and the risk of the use of physical force. *See* Cal. Penal Code § 646.9(b).

Moreover, when a person engages in stalking, there is a substantial risk that the individual being stalked will take exception and, as a result, cause the perpetrator to use force in self-defense or to further effectuate the harassment. In *United States v. Becker*, 919 F.2d 568, 571 (9th Cir. 1990), the Ninth Circuit reasoned that a burglary offense was a crime of violence under 18 U.S.C. § 16(b), because "[a]ny time a burglar enters a dwelling with felonious or larcenous intent there is a risk that in the course of committing the crime he will encounter one of its lawful occupants, and use physical force against that occupant either to accomplish his illegal purpose or to escape apprehension." *See also United States v. M.C.E.*, 232 F.3d 1252, 1256 (9th Cir. 2000) (finding that residential burglary is a crime of violence under 18 U.S.C. § 5032, which is "virtually identical" to 18 U.S.C. § 16, because of the substantial risk that physical force may be used in committing the offense). Similarly, in *United States v. Pereira-Salmeron*, 337 F.3d 1148, 1153 (9th Cir. 2003), the court held that sexual contact with a minor "inherently" presents a risk that force will be used to ensure the child's compliance and is therefore a crime of violence under the United States Sentencing Guidelines.

The risk of confrontation that results in the use of force is even greater when the crime involves harassment, as it does in this case. Unlike a burglary, where an encounter may occur as a matter of happenstance during the commission of an offense directed at someone's property, harassment involves a "knowing and willful course of conduct directed at a specific person that seriously alarms, annoys, torments, or terrorizes the person, and . . . must actually cause substantial emotional distress to the person." Cal. Penal Code § 646.9(e). Not only is such harassment likely to evoke a reaction, but it is frequently the intent of the perpetrator to elicit a response from the victim. There is consequently a substantial risk that the perpetrator, who initiated the harassment, will then respond with physical force against the victim.

Our conclusion is supported by the reported cases involving prosecution for violation of California's stalking statute, which involve the actual, or at least reckless, use of force, or reflect that a substantial risk of the use of such force was present. For example, in *People v. Borrelli*, 91 Cal. Rptr. 2d 851 (Cal. Ct. App. 2000), the defendant rear-ended the victim's car while she was in it, smashed his car into the building where she worked, stomped on her foot, and kicked her. Likewise, in *People v. Kelley*, 60 Cal. Rptr. 2d 653 (Cal. Ct. App. 1997), the defendant punched a hole in the victim's front door and used his car to force her to jump from her bicycle. Other similar cases are replete with examples of the use of physical force. *See, e.g.*, *People v. McCray*, 67 Cal. Rptr. 2d 872, 876 (Cal. Ct. App. 1997) (pushing the victim, putting a pillow over her face after she pushed him back, and throwing her into a wall mirror when she continued to resist); *People v. Tran*, 54 Cal. Rptr. 2d 650 (Cal. Ct. App. 1996)

(making repeated threats to the victim with a knife and a hammer, smashing car windows, and chasing the victim's husband and baby with a knife); *People v. McClelland*, 49 Cal. Rptr. 2d 587 (Cal. Ct. App. 1996) (ramming the front gate of the victim's home with a car and punching her in the face after she confronted him).

We find that the respondent's stalking offense in violation of section 646.9(b) of the California Penal Code "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense" and that such force will be used at least recklessly. 18 U.S.C. § 16(b); *see also United States v. Trinidad-Aquino*, *supra*. We therefore conclude that it is a crime of violence under 18 U.S.C. § 16(b) and, consequently, is an aggravated felony, which renders the respondent removable. *See* sections 101(a)(43)(F), 237(a)(2)(A)(iii) of the Act. Accordingly, the respondent's appeal will be dismissed.

**ORDER:** The appeal is dismissed.