Norbert Artur RUSZ, Petitioner,

v.

John ASHCROFT, Attorney General, Respondent.

No. 02–72081.

United States Court of Appeals, Ninth Circuit.

Submitted March 31, 2004.*

Filed Aug. 2, 2004.

Gary Paul Burcham, San Diego, CA, for the petitioner.

Alison Marie Igoe, U.S. Department of Justice, Civil Division, Office of Immigration Litigation, Washington, D.C., for the respondent.

Before: PREGERSON, BEEZER, and TALLMAN, Circuit Judges.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

## OPINION

PREGERSON, Circuit Judge:

We must decide whether a conviction for petty theft with a prior conviction under sections 484, 488, and 666 of the California Penal Code is a crime for which a sentence of one year or longer may be imposed under 8 U.S.C. § 1227(a)(2)(A)(i). We conclude that it is not and hold that we have jurisdiction to review petitioner's final order of removal.[1]

### I

Petitioner Norbert Artur Rusz (Rusz) is a native and citizen of Poland. In May 1993, at age thirteen, Rusz and his parents immigrated to the United States. He was admitted as a Code AA3 immigrant: a child of diversity transition natives from certain adversely affected foreign states.

In January 1998, Rusz was convicted in San Diego County Superior Court of two counts of second degree burglary in violation of California Penal Code § 459, arising from a single scheme of conduct. Rusz' sentence was suspended, and he was placed on probation. In May 1998, Rusz was caught shoplifting and pled guilty to

petty theft with a prior conviction for burglary in violation of California Penal Code §§ 484, 488, and 666.[2] At the time of his guilty plea, Rusz was advised by the trial court that he could receive a maximum sentence of three years in state prison. Nonetheless, the trial court sentenced Rusz to only 37 days in custody and three years probation.

In July 1998, the Immigration and Naturalization Service (INS) initiated removal proceedings against Rusz by issuing a notice to appear. The INS alleged that Rusz was subject to removal because he had been convicted of two crimes of moral turpitude not arising out of a single scheme of criminal misconduct. *See* 8 U.S.C. § 1227(a)(2)(A)(ii).[3]

Rusz applied for asylum and withholding of removal, claiming that he feared persecution were he to be returned to Poland. After hearing his case, the immigration judge (IJ) found that Rusz had testified credibly but concluded that Rusz had failed to establish eligibility for asylum or withholding of removal. The IJ concluded that because Rusz had been convicted of two crimes of moral turpitude, he was

---

1. We have addressed the merits of Rusz' petition for review in a concurrently-filed memorandum disposition.

2. The Guilty Plea Form (Form TC–CR–001A) on which Rusz pled guilty to shoplifting with a prior qualifying offense listed Rusz' count of conviction as "PC 666/484●488." California prosecutors, when distinguishing between different forms of theft, charge one of California's specific theft offenses (§§ 484–485) and specify whether it is charged as grand theft (§ 487) or petty theft (§ 488). Here, Rusz was charged with general petty theft (§§ 484 & 488).

   Section 490 defines the punishment for petty theft as "punishable by fine not exceeding one thousand dollars ($1,000), or by imprisonment in the county jail not exceeding six months, or both." Cal.Penal Code § 490. However, under § 666, when a defendant—

like Petitioner Rusz—is a recidivist, "having been convicted of [*inter alia*] burglary ... and ... *is subsequently convicted of petty theft,* then the person convicted of that subsequent offense is punishable by imprisonment in the county jail not exceeding one year, or in the state prison." Cal.Penal Code § 666 (emphasis added). Thus, Rusz' count of conviction was listed as "PC 666/484●488" to signify that he pled guilty to general petty theft (§§ 484 & 488) with a prior qualifying conviction for burglary (§ 666).

3. The statute provides: "Multiple criminal convictions. Any alien who at any time after admission is convicted of two or more crimes involving moral turpitude, not arising out of a single scheme of criminal misconduct, regardless of whether confined therefor and regardless of whether the convictions were in a single trial, is deportable."

properly subject to removal. Rusz' application was denied, and he was ordered removed.

Rusz timely appealed to the Board of Immigration Appeals (BIA), arguing that his case should be remanded to the IJ for reconsideration in light of the Convention Against Torture (CAT), which became effective while his appeal was pending. Holding that Rusz failed to show that he would more likely than not be tortured if removed to Poland, the BIA affirmed the IJ's decision in June 2002. Rusz filed a timely petition to review the BIA's decision.

## II

■ The Attorney General contends that under 8 U.S.C. § 1252(a)(2)(C), we lack jurisdiction over Rusz' petition for review. That section provides:

"Notwithstanding any other provision of law, no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a criminal offense covered in ... [8 U.S.C. § 1227(a)(2)(A)(i) and (ii)]."

8 U.S.C. § 1252(a)(2)(C). Although this section bars our review of removal orders based on an alien's conviction for certain crimes, we still have jurisdiction to determine our own jurisdiction. *Cedano–Viera v. Ashcroft,* 324 F.3d 1062, 1064–65 (9th Cir.2003). Thus, our jurisdiction depends on whether Rusz' convictions qualify under 8 U.S.C. § 1227(a)(2)(A)(i) and (ii).

## III

There is no dispute that § 1227(a)(2)(A)(ii) applies. This section deems removable "[a]ny alien who at any time after admission is convicted of two or more crimes involving moral turpitude, not arising out of a single scheme of criminal misconduct." Rusz concedes that his burglary and shoplifting convictions were for morally turpitudinous crimes arising from separate criminal schemes.

However, the parties disagree about whether § 1227(a)(2)(A)(i) applies. This section provides for the removal of "any alien who—(I) is convicted of a crime involving moral turpitude ... and (II) is convicted of a crime for which a sentence of one year or longer may be imposed." We must decide whether Rusz' two convictions in California each carried potential sentences of over a year. *See* 8 U.S.C. § 1227(a)(2)(A)(i)(II). If so, we lack jurisdiction over this petition.

There is no question that Rusz' conviction for burglary carried a sentence of one year or more. *See* Cal.Penal Code §§ 459, 461. However, Rusz contends that, for the purposes of determining our jurisdiction under § 1252(a)(2)(C), his conviction for petty theft with a prior qualifying offense under California's §§ 484/488/666 scheme, as a matter of binding circuit law, does not carry a maximum possible sentence of over one year. Rusz is correct.

Sitting *en banc* in *United States v. Corona–Sanchez,* we were asked to determine whether a conviction for petty theft with a prior qualifying offense constitutes an aggravated felony under the United States Sentencing Guidelines. 291 F.3d 1201, 1203 (9th Cir.2002) (en banc). The defendant in *Corona–Sanchez—exactly* like Rusz—was convicted of petty theft with a prior qualifying offense under California's "§§ 484/488/666 scheme." *See id.* at 1213. To determine whether the conviction qualified as an aggravated felony, we applied the *Taylor v. United States,* 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990), "categorical approach," which, in turn, required us to determine whether the defendant's conviction for petty theft with a prior qualifying offense was "a theft offense 'for which the term of imprisonment [is] at least one year' " —*Corona–Sanchez,*

291 F.3d at 1208 (citation omitted)—the exact same question on which our jurisdiction over Rusz' petition for review turns.

When analyzing a conviction's maximum possible sentence "under the categorical approach, we must separate the recidivist enhancement from the underlying offense," *id.* at 1210, because sentence enhancements, such as § 666, "do not describe substantive criminal offenses," *id.* at 1211; *see also id.* at 1206 (noting that § 666 does not "describe[ ][a] crime[ ]"). In *Corona–Sanchez,* the defendant "actually received a two-year sentence for [recidivist shoplifting] due to the application of California Penal Code § 666." *Id.* at 1208. Because the categorical approach required us to separate the recidivist enhancement, the *Corona–Sanchez* defendant's actual two-year sentence was of no moment. Thus, we concluded that "even under the §§ 484/488/666 scheme ... the maximum possible sentence for [petty theft with a prior qualifying offense] ... is six months." *Id.* at 1213.[4]

The Attorney General urges us to not apply *Corona–Sanchez* and *Taylor's* categorical approach on the basis that "*Corona–Sanchez* is irrelevant to this case." We disagree. "[W]e have consistently held that the strictures of *Taylor* apply to INA removal provisions...." *Tokatly v. Ashcroft,* 371 F.3d 613, 621–22 (9th Cir. 2004) (applying the *Taylor* categorical approach to assess an alien's prior convictions under 8 U.S.C. § 1227).[5] "The methodology this circuit and others follow in order to determine whether a conviction constitutes a predicate offense for deporta-

tion purposes is well-established. When possible, we apply the 'categorical' approach, 'looking only to the statutory definition[ ] of the prior offense.'" *Id.* at 620 (quoting *Taylor,* 495 U.S. at 600, 110 S.Ct. 2143 (alteration in *Tokatly* )). Here, application of *Taylor's* categorical approach to a petty theft conviction with a prior is not just "possible," *id.*—we have already done it, sitting *en banc,* in *Corona–Sanchez.*

*Corona–Sanchez* held that under the categorical approach, the maximum possible sentence for petty theft with a prior qualifying offense, "even under the §§ 484/488/666 scheme ... is six months." 291 F.3d at 1213. Because six months is less than one year, we are not deprived of jurisdiction.

## IV

We hold that a felony conviction for petty theft with a qualifying prior offense under Cal.Penal Code §§ 484, 488, 666 is not a "crime for which a sentence of one year or longer may be imposed" under 8 U.S.C. § 1227(a)(2)(A)(i)(II). Because only one of Rusz' predicate offenses satisfy the elements of 8 U.S.C. § 1227(a)(2)(A)(i) and (ii), we are not deprived of jurisdiction to review the BIA's affirmance of the IJ's removal order. 8 U.S.C. § 1252(a)(2)(C).

**4.** The fact that Rusz was advised at the time of his guilty plea that he could receive a maximum sentence of three years in state prison is entirely irrelevant under *Taylor's* categorical approach—just as it was irrelevant to the *Corona–Sanchez* court that the defendant "actually received a two-year sentence." *Corona–Sanchez,* 291 F.3d at 1208.

**5.** In footnote 8 of our *Tokatly* opinion, we note seven prior cases in which we applied the *Taylor* categorical approach to determine whether an alien was deportable based on prior offenses. 371 F.3d at 622 n. 8 (collecting cases).