**Hua FANG, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–71352, A29–656–743.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 8, 2004.

Decided Oct. 22, 2004.

Deborah S. Smith, Reynolds Motl & Sherwood, Helena, MT, for Petitioner.

Regional Counsel, Laguna Niguel, CA, Moh–District Counsel, Helena, MT, Terri J. Scadron, Anthony W. Norwood, DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before D.W. NELSON, THOMAS, Circuit Judges, and EZRA,* District Judge.

### MEMORANDUM**

Hua Fang, a native and citizen of China and a lawful permanent resident of the United States, petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming an Immigration Judge's ("IJ") order of removal. We grant the petition and remand with instructions to vacate the order of removal.

We have jurisdiction pursuant to 8 U.S.C. § 1252(b). Where, as here, the BIA summarily affirms the IJ's decision without opinion, we review the IJ's decision as the final agency determination. *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 855 (9th Cir.2003). Fang argues that his conviction for misdemeanor assault under Montana law does not constitute a conviction for a "crime of domestic violence" rendering him removable under 8 U.S.C.

§ 1227(a)(2)(E). Whether a state law conviction constitutes a removable offense is a question of law we reviewe de novo. *Coronado–Durazo v. INS*, 123 F.3d 1322, 1324 (9th Cir.1997). Because the parties are familiar with the factual and procedural history of this case, we will not recount it here.

### I

The IJ erroneously concluded that a conviction for misdemeanor assault under Mont.Code Ann. § 45–5–201 categorically qualified as a crime of domestic violence under 18 U.S.C. § 16. Fang was ordered removed under 8 U.S.C. § 1227(a)(2)(E)(i), which provides that "[any] alien who ... is convicted of a crime of domestic violence ... is deportable." *Id.* A "crime of domestic violence" is a crime of violence committed against a protected person, such as a spouse. *Id.* A "crime of violence" is "an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 16(a).

To determine whether a conviction constitutes a predicate offense for deportation under 8 U.S.C. § 1227(a)(2)(E), we apply the categorical and modified categorical approach laid out in *Taylor v. United States*, 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990). *See also Tokatly v. Ashcroft*, 371 F.3d 613, 620 (9th Cir.2004); *Rusz v. Ashcroft*, 376 F.3d 1182, 1185 (9th Cir.2004). Under this analysis, we look first "to the fact of conviction and the statutory definition of the prior offense." *Taylor*, 495 U.S. at 602. If the statute criminalizes conduct that would not constitute the predicate offense under federal

---

* The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

law, then the offense does not categorically qualify. *United States v. Corona–Sanchez*, 291 F.3d 1201, 1203 (9th Cir.2002) (en banc). The IJ did not conduct this analysis; rather, the IJ examined different elements from different subsections and concluded, taking the mixed and matched provisions together, that the statute categorically qualified as a crime of domestic violence. Both the IJ's analytical method and conclusions were incorrect.

The Montana misdemeanor assault statute allows a conviction for negligent conduct. *See* Mont.Code Ann. § 45–5–201(b). Negligent conduct cannot constitute a "crime of violence." *United States v. Trinidad–Aquino*, 259 F.3d 1140, 1145 (9th Cir.2001). Because the Montana misdemeanor assault statute criminalizes conduct that would not constitute a crime of domestic violence under federal law, the offense does not categorically qualify as a predicate offense and it cannot be used by itself as the basis for removal.[1]

## II

█ If an offense does not categorically qualify as a proper predicate offense under federal law, then we employ the modified categorical approach under *Taylor*. Under the modified categorical analysis, we examine the judicially noticeable facts to determine whether they "clearly establish" that the conviction qualifies as a proper predicate conviction. *Corona–Sanchez*, 291 F.3d at 1203 (quoting *United States v. Rivera–Sanchez*, 247 F.3d 905, 908 (9th Cir.2001) (en banc)). Using the modified categorical approach, a court may look to a narrow, specified set of documents within the record of conviction, including "the

indictment, the judgment of conviction, jury instructions, a signed guilty plea, or the transcript from the plea proceedings." *Tokatly*, 371 F.3d at 620 (citing *Rivera–Sanchez*, 247 F.3d at 908).

In this case, the judicially noticeable document is the written plea. In the plea, the defendant pled guilty to Mont.Code Ann. § 45–5–201 "when I caused reasonable apprehension of bodily injury in another...." Specifically, he admits that "became very angry, threw a shirt at [her], and otherwise made threatening gestures directed at her." The nature of the threatening gestures is not explained in the guilty plea.

The fact that Fang's wife may have experienced "reasonable apprehension of bodily injury" does not "clearly establish," as required by *Corona–Sanchez*, that Fang's offense involved the threatened use of physical force. As the BIA noted in *In re Sweetster*, 22 I & N Dec. 709, 716, 1999 WL 311950 (1999), " 'the use of physical force' is an act committed by a criminal defendant, while the 'risk of physical injury' is a consequence of the defendant's acts." *Id.* at 709. Likewise, the apprehension of bodily injury is a consequence, which may be, but is not necessarily, caused by the use or threatened use of force. The Second Circuit, in *Chrzanoski v. Ashcroft*, 327 F.3d 188 (2nd Cir.2003), held that the actual causation of physical injury is not a "crime of violence," and noted "the logical fallacy inherent in reasoning that simply because all conduct involving a risk of the use of physical force also involves a risk of injury then the

---

1. Even if the IJ had confined the analysis to Mont.Code Ann. § 45–5–201(d) (the apparent subsection under which the petitioner entered a plea), rather than inappropriately mixing subsections, the result would not differ. As we discuss, *infra*, it is possible to cause reasonable apprehension of bodily injury without committing acts that would qualify under federal law as a "crime of domestic violence."

converse must also be true." *Id.* at 195.[2]

In sum, although one can make a plausible argument that threatening gestures can qualify as a "crime of violence" under some circumstances, the judiciably noticeable facts in this case do not satisfy the high standard of "clearly establishing" that the conduct qualifies as a federal "crime of domestic violence." Therefore, Fang is not removable on the basis of his conviction. Given this resolution, we need not reach another other issue urged by Fang. We accordingly remand to the Immigration Judge to vacate the order of removal.

**PETITION GRANTED.**

2. Further, finding Fang's conviction a "crime of violence" mandates a logically absurd reading of 18 U.S.C. § 16. While Fang's conviction arguably conforms to the definition of violent crime outlined in § 16(a)—the misdemeanor subsection—it would fall short of the definition of felony violent crime in § 16(b). Under section 16(b), a "crime of violence" is "a felony ... that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." *United States v. Oliveros–Orosco,* 942 F.2d 644, 647 (9th Cir.1991). Fang's conduct—making threatening gestures and throwing a shirt—does not clearly establish a "substantial risk that physical force" may be used (*Id.*), nor the "likely use of violent force as a means to an end." *Chery v. Ashcroft,* 347 F.3d 404, 407–08 (2nd Cir.2003). Thus, Fang's conviction would not qualify as a violent crime under § 16(b). Classifying Fang's conviction as a crime of violence under § 16(a), when it would not meet the § 16(b) definition, would cause the absurd result of making the misdemeanor subsection include a broader range of crimes than the felony subsection.

