Igor Mikhaylovic KOZLOV, Petitioner,

v.

Michael B. MUKASEY, Attorney General, Respondent.

No. 07–70087.

United States Court of Appeals, Ninth Circuit.

Submitted April 10, 2008.*

Filed April 24, 2008.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Henry Cruz, Manuel F. Rios, III, Rios Cantor, PS, Seattle, WA, for Petitioner.

David E. Dauenheimer, Richard M. Evans, Kelly J. Walls, DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, WWS–District Counsel, Immigration and Naturalization Service Office of the District Counsel, Seattle, WA, for Respondent.

Before: REINHARDT, McKEOWN, and W. FLETCHER, Circuit Judges.

### MEMORANDUM **

Igor Mikhaylovic Kozlov, a Russian citizen and lawful permanent resident, was convicted of second-degree robbery in Washington. Kozlov was ordered removed based on this conviction. In opposing removal, Kozlov makes three arguments. We find each argument unavailing and deny Kozlov's petition for review.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

■ First, Kozlov challenges the BIA's determination that he is deportable under INA § 237(a)(2)(A)(i), 8 U.S.C. § 1227(a)(2)(A)(i), as an alien "convicted of a crime ... for which a sentence of one year or longer may be imposed." He argues that the BIA should have determined whether "a sentence of one year or longer may be imposed" for his crime by looking the maximum sentence allowed in his case under Washington's mandatory sentencing guidelines. This argument is foreclosed by clear circuit precedent. In determining the maximum penalty that may be imposed for a state crime under the categorical approach, we look to the state statutory maximum provided for that crime in general, not the applicable sentencing range in a particular case. *See United States v. Parry*, 479 F.3d 722, 724–25 (9th Cir.2007); *United States v. Murillo*, 422 F.3d 1152, 1153 (9th Cir.2005); *Rusz v. Ashcroft*, 376 F.3d 1182, 1185 (9th Cir.2004).

■ Second, Kozlov argues that the BIA did not adequately review the IJ's determination that Kozlov was inadmissible under INA § 212(a)(2)(A), 8 U.S.C. § 1182(a)(2)(A), and hence ineligible to petition for readjustment of status, as an alien convicted of a crime of moral turpitude for which "the maximum penalty possible ... exceed[ed] imprisonment for one year." The BIA stated that it found "no reversible error" in the IJ's determination that Kozlov was inadmissible under § 1182(a)(2)(A). This summary affirmance was sufficient under *Matter of Burbano*, 20 I. & N. Dec. 872, 874 (BIA 1994). The BIA was also correct to agree with the IJ on the merits because there is no principled basis for distinguishing between the relevant statutory maxima under § 1227(a)(2)(A)(i) and § 1182(a)(2)(A).

Finally, Kozlov argues that the BIA abused its discretion by refusing to remand his case to the IJ so that he could reapply for asylum. A remand was warranted, Kozlov maintains, because he withdrew his previous asylum application based on representations by the IJ and the government that he would be eligible to petition for adjustment of status. This contention is not supported by the record. Prior to Kozlov's decision to withdraw his asylum application, the IJ warned, "I just have no idea whether he's eligible for adjustment" and the government filed a written motion arguing that Kozlov was not eligible to adjust status.

PETITION FOR REVIEW DENIED.

* This disposition is not appropriate for publication and is not precedent except as provided