Luz Fanny FAJARDO–HERNANDEZ,
Petitioner,

v.

Michael B. MUKASEY, Attorney
General, Respondent.

No. 04–71304.

United States Court of Appeals,
Ninth Circuit.

Submitted May 20, 2008 *.

Filed May 27, 2008.

Andres Z. Bustamante, Esq., Law Office of Andres Z. Bustamante, Los Angeles, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Paul Fiorino, Esq., DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: PREGERSON, TASHIMA, and GOULD, Circuit Judges.

MEMORANDUM **

Luz Fanny Fajardo–Hernandez, a native and citizen of Colombia, petitions for review of the Board of Immigration Appeals' ("BIA") order summarily affirming an immigration judge's ("IJ") order denying as abandoned her applications for relief. Our jurisdiction is governed by 8 U.S.C. § 1252. *Rusz v. Ashcroft,* 376 F.3d 1182, 1185 (9th Cir.2004). We review de novo questions of law, *Martinez–Garcia v. Ashcroft,* 366 F.3d 732, 733 (9th Cir.2004), and we deny in part and dismiss in part the petition for review.

Fajardo–Hernandez's applications for cancellation of removal and relief under former § 212(c) were properly deemed abandoned because her attorney failed to file the applications by the deadline set by the IJ. *See* 8 C.F.R. § 1003.31(c) (authorizing IJs to set filing deadlines and stating that an application not filed by the deadline "shall be deemed waived"). *Matter of R–R,* 20 I. & N. Dec. 547 (BIA 1992), which involved a motion to reopen for asylum, is not to the contrary.

We lack jurisdiction to review Fajardo–Hernandez's claim of ineffective assistance of counsel because she failed to raise that issue before the BIA. *See Ontiveros–Lopez v. INS,* 213 F.3d 1121, 1124 (9th Cir. 2000) (requiring "an alien who argues ineffective assistance of counsel to exhaust his administrative remedies by first presenting the issue to the BIA").

Fajardo–Hernandez's remaining contentions are unpersuasive.

Fajardo–Hernandez's counsel concedes in the opening brief that he provided ineffective assistance of counsel by failing to file her applications for relief on time. We therefore stay the mandate for 90 days to allow Fajardo–Hernandez an opportunity to file a motion to reopen with the BIA. *See Roque–Carranza v. INS,* 778 F.2d 1373, 1374 (9th Cir.1985) (staying mandate to permit petitioner to seek reopening in order to present ineffective assistance of counsel claim).

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part; MANDATE STAYED FOR 90 DAYS.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.