**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| ALFREDO FIDEL MEZA, aka Alfredo Fidel Meza Chavez, | No. 07-73346 |
| Petitioner, | Agency No. A092-774-974 |
| v. | MEMORANDUM[*] |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 1, 2012[**]
San Francisco, California

Before: W. FLETCHER,[***] CALLAHAN, and IKUTA, Circuit Judges.

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]  The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]  Due to the death of Judge Pamela A. Rymer, Judge William A. Fletcher, United States Circuit Judge for the Ninth Circuit, was drawn to replace her. Judge Fletcher has read the briefs and reviewed the record.

Petitioner Alfredo Meza is ineligible for cancellation of removal under 8 U.S.C. § 1229b(b)(1)(C), because he has been convicted of two crimes involving moral turpitude, which are offenses under 8 U.S.C. § 1182(a)(2)(A)(i)(I); specifically, he was convicted of a theft in violation of California Penal Code Section 484(a), and check fraud in violation of California Penal Code Section 476a. *See Rusz v. Ashcroft*, 376 F.3d 1182, 1184 (9th Cir. 2004); *Burr v. INS*, 350 F.2d 87, 91–92 (9th Cir. 1965). Although these convictions were subsequently expunged pursuant to state law, such expungement does not change their immigration consequences. *See Murillo-Espinoza v. INS*, 261 F.3d 771, 774 (9th Cir. 2001). Moreover, even if Meza qualified for a discretionary waiver of removability under 8 U.S.C. § 1182(h), such a waiver would not erase the crimes alleged to be grounds for removability from his record for immigration purposes. *See Becker v. Gonzales*, 473 F.3d 1000, 1003–04 (9th Cir. 2007).

**DENIED.**